CASE 55.—ACTION BY JOHN W. HOLTBY AGAINST THE
     WESTERN UNION TELEGRAPH COMPANY.—May
     30, 1906.

## Western Union Telegraph Co. v. Holtby.

Appeal from Boyle Circuit Court.

Judgment for plaintiff and defendant appeals.—
Reversed.

1.  Master and Servant—Injury to Servant—Contributory Neg-
    ligence.—An experienced lineman, engaged in transferring
    telegraph wires from old poles to new ones, was injured in
    consequence of the breaking of an old pole he had climbed.
    The defect in the pole was not so obvious that the danger
    in climbing it could be detected without an examination.
    The foreman had inspected the pole and directed the line-
    man to climb it. Held, that the lineman had 'the right to rely
    on the foreman's inspection, and he was not guilty of
    contributory negligence in climbing the pole without ex-
    amining it.
2.  Same—Evidence—Admissibility.—Where, in an action against
    a telegraph company for injuries to a lineman in consequence
    of the breaking of an old pole he had climbed, the company

claimed that it was the duty of the lineman to inspect the pole to ascertain whether it was safe to climb it without being braced, it had the right to prove by the lineman that an inspection of the pole would have disclosed its dangerous condition.

3. Same—Instructions.—Where, in an action against a telegraph company for injuries to a lineman in consequence of the breaking of a pole he had climbed, the issue was whether it was the duty of the lineman or of the company to inspect the poles, the court should charge that if the lineman undertook to inspect the poles, and that an ordinary careful inspection would have disclosed the fact that the pole was unsafe, a verdict for defendant should be found, while, if the lineman depended on the inspection made by the foreman, who directed him to climb the pole, and he obeyed the direction without an inspection, a verdict should be found for the lineman.

RICHARDS & RONALD and G. H. FEARSONS for appellant.

J. W. RAWLINGS, ROBERT HARDING and RAWLINGS & VORIS for appellee.

OPINION OF THE COURT BY JOHN D. CARROLL, COMMISSIONER—Reversing.

The appellee was engaged as a lineman and at the time of the accident complained of was engaged in transferring wires from old and defective poles to new ones. While thus employed an old pole that he had climbed in the performance of his duty for the purpose of unfastening the wires and handing them to a man on the new pole, broke off at the ground and caused the appellee to fall and seriously injure him. From a judgment in his favor, appellant prosecutes this appeal, and urges that several errors prejudicial to its substantial rights were committed by the trial court. The appellee previous to his engagement with appellant had several years experience with other companies in erecting and repairing telegraph wires

and poles, but had only been engaged a short time in the work on which he was injured, and was one of a gang of several men in charge of a foreman, the crew being equipped with all the necessary tools and appliances to successfully do the work they were engaged on. Included in the equipment were long poles called "pikes" used for the purpose of bracing and supporting unsafe and defective poles that it was necessary to climb. After his employment by appellant and before the injury he signed a printed paper containing a warning to all the employes how to do certain specified things in connection with the work, among other was the following: "Do not climb old poles without first testing them carefully, and if weak, call for assistance to hold pole while working on it." At the foot of this paper was the following certificate: "This is to certify that the instructions given on the opposite sheet were read to me and also I have carefully read and fully understand same." Appellee was fully acquainted with the nature of his duties and knew that the wires were being transferred from the old poles to new ones, because the old poles were considered unsafe and insufficient to hold the wires, and that in transferring the wires he must climb the old poles, and also knew that pikes had been provided to brace and support such poles as were considered unsafe to climb without this protection.

The theory of appellant and the one upon which it contested the claim of appellee was that it was his duty to inspect each pole before he climbed it; that an inspection of the pole that broke would have disclosed its unsafe and dangerous condition, and that before climbing it appellee should have seen that it was sufficiently braced to prevent it from falling; that the dangerous condition of the pole was obvious

or at least could have been ascertained by the exercise of ordinary care, and that appellee's injuries were caused by his contributory neglect and not by any fault or negligence on its part.

Appellee's contention is that it was not his duty to inspect the poles before climbing them to ascertain whether or not they were defective, that he did not inspect the pole that fell with him because it was the duty of the foreman to inspect the poles and ascertain that they were safe and that the foreman did inspect the poles and the one that fell, and ordered him to climb the pole and he obeyed his directions. He further testified that none of the linemen paid any attention to the condition of the poles and habitually in the presence of the foreman failed to inspect them, that the foreman by an inspection of the pole could have ascertained that it was unsafe to climb unless supported by braces, nor was he estopped from making this proof by the statements in the paper that he signed and the court properly permitted him to testify as to the circumstances under which he signed it.

Along these lines the case was tried in the lower court.

The general doctrine that it is the duty of the master to furnish the servant a reasonably safe place in which to work has no application to this case, as the work itself was of such a character that the master could not furnish the servant a reasonably safe place. Servants are often engaged in occupations that are in and of themselves unsafe and dangerous, and may be employed to work with dangerous machinery and in unsafe places without the master incurring any liability, as said in Wilson v. Chess-Wyman & Co., 25 Ky. Law Rep., 1655: "If the work is in and of itself dangerous the master does not insure against

such danger. On the contrary, there is nothing better settled than that the servant assumes the ordinary risk and hazard incident to the character of the work. Whatever may be the moral obligation resting upon those who employ people in hazardous work to furnish them the safest possible means to protect them from injury, the law does not forbid a laborer's undertaking a hazardous employment with full knowledge of its dangers if he wants to."

It appears from the evidence that the defect in this pole was the result of decay at the top of the ground and the defect was not so obvious that the danger in climbing could be detected without an examination. Therefore, the rule laid down in Shumwell v. Owensboro & Nashville R. Co., 25 Ky. Law Rep., 1671; Wilson v. Chess-Wyman & Co., 25 Ky. Law Rep., 1655; Duncan v. Gernert & Bros. Lumber Co., 27 Ky. Law Rep., 1039, is not applicable. It was announced in those cases that where the danger is obvious to the most ordinary intelligence and of such a nature that the servant cannot fail to be apprised of it by the exercise of ordinary care, the master is not liable for an injury to the servant although he fail to warn him of the danger or even directs him to engage in the particular work, and there are exceptions to the rule that relieve the master from liability when the servant is injured by appliances or tools or unsafe places when the danger is one that might have been discovered by the servant by the exercise of ordinary care, among them and applicable to the facts in this case is the doctrine that although an appliance, tool or place may be unsafe and the danger discoverable by reasonable or ordinary inspection, yet if the master is present and orders the servant to perform the duty or the servant depends on the master's pre-

sumed knowledge of the defective appliance or unsafe place, or relies on the master's inspection of the premises, and acts under his immediate direction, the master will be liable. Covington Saw Mill Mfg. Co. v. Clark, 25 Ky. Law Rep., 694; Pfisterer v. Peter & Co., 25 Ky. Law Rep., 1605; Ahren & Ott v. Rellhan, 26 Ky. Law Rep, 919; Andrewcus v. Pineville Coal Co., 28 Ky. Law Rep., 704.

In this case appellee introduced evidence tending to show that the foreman of appellant had inspected the pole and directed him to climb it, and assuming this to be true, he had the right under the circumstances to rely on his inspection and in climbing the pole without examining it himself was not guilty of such contributory neglect as to deny him the right of re covery.

On the trial of the case the appellee was asked if it would not have been possible for him by inspecting this pole to have ascertained whether the pole was safe to climb.

Objection was made and sustained to the question, and an avowal made that if appellee had inspected the pole he would have ascertained that it was defective and dangerous and unsafe for him to ascend without being protected by braces or other means of support. It was error not to have permitted this evi dence to go to the jury. According to appellant's view of the case it was the duty of appellee to inspect these poles, to ascertain whether or not it would be safe to climb them without being braced, and in sup- port of this theory it had the right to prove by appel- lee that an inspection of the pole would have dis closed its unsafe and dangerous condition. This was really the most material issue in the case and the failure to permit appellee to testify concerning it was prejudicial error.

Complaint is also made of the instructions and of the expression in instruction number one that the foreman was under obligations to inspect the pole. This may have conveyed to the jury the impression that under the law it was the duty of the foreman to inspect the pole and was misleading and prejudicial in view of the fact that the question as to whose duty it was to make this inspection was an issue in the case. On a re-trial, the jury should be instructed in substance that if they believe from the evidence that the appellee under his employment undertook to inspect the poles before climbing them to ascertain whether or not they were dangerous, and that an ordinarily careful inspection would have disclosed the fact that the pole was unsafe, they should find for the defendant. On the other hand, if the appellee did not undertake as a part of his employment to inspect the poles, but depended upon the inspection made by the foreman, who directed him to climb the pole in question, and without making an inspection of it, he obeyed the direction of the foreman, then they should find for the plaintiff.

The judgment is reversed for proceedings in conformity to this opinion.