[No. 7880.   Department One.   June 8, 1909.]

Frank McGuire, *Appellant*, v. Bryant Lumber & Shingle Mill Company, *Respondent*.[1]

Judgment—Bar—Recitals—Dismissal and Nonsuit.  In an action for personal injuries, a judgment, entered on motion of the defendant at the close of plaintiff's case, is a final judgment on the merits barring a subsequent action for the same cause, and not a judgment of nonsuit, where it recites that "plaintiff failed to establish that the defendant had been negligent at all or that plaintiff's injuries were the consequence of its negligence and because of such determination on the part of the court it enters judgment in favor of defendant."

Judgment—Recitals—Conclusiveness—Impeachment.  Upon a plea of former adjudication, it is not admissible to impeach the recitals of the former judgment showing it to have been a dismissal on the merits, by evidence of the judge, clerk and stenographer at the former trial that the motion granted was one of nonsuit and not on the merits.

Appeal from a judgment of the superior court for King county, Albertson, J., entered July 1, 1908, in favor of the defendant, upon discharging the jury, dismissing an action for personal injuries upon the ground of former adjudication.  Affirmed.

*P. V. Davis* (*Wm. Parmerlee*, of counsel), for appellant.

*Graves & Murphy*, for respondent.

Morris, J.—Appellant brought action, March 22, 1906, to recover for injuries alleged to have been sustained while in

[1]Reported in 102 Pac. 237.

respondent's employ and through its negligence. Issue being duly joined, trial was had, and on July 3, 1906, judgment was .entered dismissing the action. The principal and controlling question involved in this appeal is the character and effect of this judgment, as subsequently modified, which we will discuss later.

In July, 1907, appellant, contending, as he does here, that the judgment of July 3, 1906, was, in effect, one of non-suit, brought a second action, setting forth, and seeking to recover for, the same injury as in his former action. Respondent answered, contending, among other things, that the judgment of July 3 was a final judgment upon the merits, and was final and conclusive as to the cause of action set forth in the second complaint. Appellant's reply contested this issue, and thereupon appellant moved the court to correct and modify the judgment of July 3, 1906, which motion was in some respects granted; and on June 8, 1907, the court made and entered its judgment which, omitting some of its former parts, is as follows:

"Whereupon plaintiff closed his case and the defendant, by its attorneys, moved the court for a judgment in its favor upon the ground that plaintiff failed to establish that the defendant had been negligent as alleged in his complaint or been negligent at all or that plaintiff's injuries were the consequence of its negligence. Whereupon, after argument of counsel and it appearing to the court that plaintiff's evidence was insufficient to establish negligence on behalf of the defendant, as alleged in his complaint or establish any negligence which would entitle him to a verdict and judgment as prayed for in his complaint, the court grants said motion and directs that judgment be entered in favor of the defendant and against the plaintiff.

"Wherefore, by reason of the facts aforesaid and upon motion of the attorneys for defendant, it is by the court ordered, adjudged, and decreed, that plaintiff take nothing by reason of his complaint, and that the above entitled action be, and the same is hereby dismissed, and that the defendant have and recover of and from the plaintiff its costs and disburse-

ments herein to be taxed.   To which order and judgment plaintiff excepts and exception is allowed.

"Done in open court this 8th day of June, 1907."

At the conclusion of the second trial, respondent, contending that this judgment was *res adjudicata,* moved for judgment.   Appellant then asked leave to amend his reply by alleging the judgment to be one of nonsuit and not upon the merits, which amendment was granted. .He then offered to prove, by the judge who tried the former case, by the stenographer who reported it, and by the entry in the court's minutes on the day of the first trial, that the motion granted by the court was one for nonsuit.   These offers being denied, exception was allowed, and the court thereupon dismissed the action, holding the former judgment was *res adjudicata,* and appellant taking his exception brings the case here, contending these various rulings of the trial court to be error.

We will first consider the character of the judgment and its effect.   The term "judgment" has been variously defined; but, without specifically referring to these definitions, it may be said to be the determination of the court upon the issue presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the particular suit in relation to the subject-matter in litigation, and puts an end to the suit by specifically granting or denying the remedy sought in the action.   11 Ency. Plead. & Prac., pp. 820-829.   It is defined in our code to be ".  .  .  the final determination of the rights of the parties in the action."  Bal. Code, § 5080 (P. C. § 719).

Nonsuit is the name of a judgment rendered against a plaintiff in a legal proceeding upon his inability to maintain his cause in court, or when he refuses or neglects to proceed to trial after issue joined and without determination of the issues.   6 Ency. Plead. & Prac., 828.   Under our code, judgment of nonsuit may be entered "By the court, upon motion of the defendant, when, upon the trial, the plaintiff fails to

prove a sufficient cause for the jury." Bal. Code, § 5085 (P. C. § 727). Tested by these rules, the judgment entered by the court below was a final judgment, finally and conclusively adjudicating the rights of the parties upon the issues presented. It was in no sense a nonsuit. It recites a motion for a judgment, not because of any failure of plaintiff to maintain his cause, because of a technical omission or mispleading, but judicially determines that "plaintiff failed to establish that the defendant had been negligent at all or that plaintiff's injuries were the consequences of its negligence, and because of such determination on the part of the court it enters judgment in favor of defendant."

The vital issue in the action was the negligence of defendant and plaintiff's consequent injury, and when the court determined these questions as it did, it was a final adjudication of the rights of the parties upon that issue. Had the plaintiff failed to prove that defendant was a corporation, in case issue had been so framed, or that it was the owner of or operating the mill in which the injury occurred, or some other technical essential not going to or touching the vital issue of the controversy, it would have been a proper case for a nonsuit. But this judgment was entered, not because of any failure in any technical sense, but because of the court's conclusion upon the merits of the action. That this was the purpose and intention of the court is manifest from the record. When plaintiff made his motion to modify the judgment of July 3, 1906, he prepared and submitted to the court a form of judgment in which he recited that defendant moved the court "to withdraw this case from the jury by dismissing the case and entering a judgment of nonsuit upon the grounds that there are not sufficient facts proved to permit this case to go to the jury." In other words, the plaintiff by this recital sought to bring this judgment within the provision of Bal. Code, § 5085 (P. C. § 727), as above quoted; but the court, as manifesting that such was neither the motion nor its ruling, with a pen drew a line through such recital, and

in place thereof wrote as set forth in the judgment above quoted. We therefore hold that the judgment entered was a final determination on the merits of the action, and was *res adjudicata* at the time of the second trial.

Did the court err in rejecting the offers of proof? We hold not. A judgment is too sacred and too solemn to be subject to any such attack. It was immaterial what the stenographer or clerk construed the proceedings to be; the judgment was the act of the court, and would be binding even against anything he might have said in his decision, which was no part of the judgment. As was said by this court in *State ex rel. Jensen v. Bell*, 34 Wash. 185, 75 Pac. 641:

"It is therefore manifest that there should be some standard in the record, to which reference may be made as the conclusive evidence of what has been actually decided. We believe, when a written judgment or order has been signed by the court, it should be regarded as such standard. We think it a safe one to hold that, when the court signs a written order, it shall be considered the evidence of its real and final act touching the subject immediately under consideration."

To the same effect is *Gould v. Austin*, 52 Wash. 457, 100 Pac. 1029, wherein it was held "that where there is a conflict between the clerk's minute entry of the court's proceedings and the formal written judgment signed by the judge, the latter will control and be deemed the actual judgment of the court."

The judgment is affirmed.

Rudkin, C. J., Chadwick, Fullerton, and Gose, JJ., concur.