CASE 23.—ACTION BY BUFORD HARPER AGAINST THE
ILLINOIS CENTRAL RAILROAD COMPANY FOR
DAMAGES FOR PERSONAL INJURIES.—July 7.

# Harper v. Illinois Cent. Ry. Co.

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

From a directed verdict for defendant, plaintiff appeals.—Affirmed.

1. Master and Servant—Obligation of Servant—Safe Place to Work.—As a general rule, a master must furnish a servant a reasonably safe place in which to do the work for which he is engaged and reasonably safe implements to work with, and a servant injured while performing his work by defective appliance, or place and from which his attention was for a moment distracted, may recover, though he had knowledge of the defect and continued to work.

2. Same—Obligation of Master—Safe Place to Work.—The duty of a master to furnish reasonably safe appliances and reasonably safe places is confined to the appliances with which the servant is required to work, or the places where his duties require him to be.

3 Same—Injury to Servant—Negligence.—A master is not liable for injuries to a servant when the servant through heedlessness receives injury from appliances that his duties do not require him to labor with, though they are defective.

4. Same—Assumption of Risk.—Every employe in every business must assume some of the risks and dangers that are incident to it or that may happen with the utmost care on the part of the employer to prevent or guard against, and the master is not responsible for accidents caused by the servant's inattention to his duties or his careless performance of them.

5. Same—Injury to Servant—Negligence.—In an action for injuries to an employe, held, that the employer was not negli-

gent in failing to guard a machine which the employe was not required to use or touch.

HENDRICK, MILLER & MARBLE for appellant.

POINTS AND AUTHORITIES.

1. There is abundant evidence to sustain the plaintiff's claim of negligence on the part of , the employees of the defendant, not only so, but the proof shows gross negligence. Definitions of gross negligence. (Redington v. Pacific Postal Telegraph Co., 48 Am. St. Rep. 132; L. & N. R. R. Co. v. Sheets, 11 Ky. Law Rep. 781; C. & C. R. R. Co. v. Dodge, 23 Ky. Law Rep. 1959; L. & N. R. R. Co. v. Walden, 25 Ky. Law Rep. 1.)

2. One injured thereby may recover damages for the negligence of another even though the mind of the injured person was preoccupied at the time the injury was received. (Kane v. N. C. R. R. Co., 128 U. S. 339; Phoenix Ins. Co. v. Foster, 106 U. S. 30 and 32; Randall v. B. & O. R. R., 109 U. S. 478; Anderson Co. v. Beal, 113 U. S. 227; Goodlet v. L. & N. R. R., 122 U. S. 391; R. R. Co. v. Young, 49 Fed. Rep. 723; R. R. v. Vestal, 20 Ky. Law Rep. 1288; Sherman & Redfield on Negligence, vol. 1, section 213.

3. One injured by the negligence of another may recover damages therefor where the injured party had knowledge of the danger but for the moment had forgotten it. (Lancaster v. Walter, 25 Ky. Law Rep. 2189; Bellevue v. Genoway, 14 Ky. Law Rep. 304; West Ky. Tel. Co. v. Pharis, 25 Ky. Law Rep. 1838; Maysville v. Guilfoyle, 110 Ky., 670; Fordsville v. Spencer, 23 Ky. Law Rep. 1260; Louisville v. Brewer, 24 Ky. Law Rep., 1671; Pemberton's Admr' v. Madisonville, 25 Ky. Law Rep., 347; Carlisle v. Secrest, 25 Ky. Law Rep. 336.)

4. Where there is · any evidence tending to support the contrary side or when there is a conflict of evidence 'a peremptory instruction will not be given. (Aetna Ins. Co. v. Kaiser, 24 Ky. Law Rep., 2456; Post v. Richardson, 24 Ky. Law Rep. 462; Richards v. L. & N. R. R., 20 Ky. Law Rep. 1479; Buch v. Jackson, 20 Ky. Law Rep. 1544; I. C. R. R. v. Walters, 22 Ky. Law Rep. 139; Mains v. L. & N. R. R., 22 Ky. Law Rep. 1595; Wickliffe v. Payton, 18 Ky. Law Rep., 16; I. C. R. R. v. Jackson, 23 Ky. Law Rep. 1405; Wilson v. L. & N. R. R., 83 Ky. 516; Hart v. Miller, 10 Ky. 336 (3 A. K. M.); Thompson v. Thompson, 56 Ky. 22 (17 B. M.); Dallam v. Handley, 9 Ky. 424 (2 Mar.); Adams v. Tieman, 35 Ky. 399; Trotter v. Sanders, 30 Ky. 321; L. & N. v. Arnold, 22 Ky. Law Rep. 199; Lingenfelter v. L. &

Harper v. Illinois Cent. Ry Co.

N. R., 9 Ky. Law Rep. 116; Middleton v. Lumber Co. 23 Ky Law Rep. 1751; Louisville R. Packet Co. v. Buttorf, 77 S. W. 920; L. & N. R. R. v. Dick, 78 S. W. 914; Curran v. Stein, 22 Ky. Law Rep. 1575; Society of Shakers v. Underwood, 74 Ky. 11; Tubb's Admr. v. R., 7 Ky. Law Rep., 528; Woods v. McCombs' Admr., 5 Ky. Law Rep. 694; Barret v. Meek, 2 Ky. 34; Ceruth v. Tate, 89 Ky. 587; Nichols v. R. R., 8 Ky. Law Rep., 519; Easley v. Easley, 57 Ky. 86; Roland v. Hanna, 41 Ky. 129; Louisville Water Co. v. Phillips, 28 Ky. Law Rep. 557; R. R. Co. v. Burges, 27 Ky. Law Rep. 253; Hart v. Miller, 3 A. K. M. 336; Thompson v. Thompson, 17 B. M. 22; Dallam v. Handley, 2 Marsh. 424; Adams v. Tieman, 35 Ky. Law Rep., 394; Trotter v. Sanders, 30 Ky. 321).

5. The court erred in excluding certain testimony. (Champion Ice & Storage Co. v. Carter, 21 Ky. Law Rep. 210.)

WHEELER, HUGHES & BERRY for appellee.

J. M. DICKINSON, TRABUE, DOOLAN & COX of counsel.

POINTS AND AUTHORITIES.

1. Negligence is a question for the court where the facts are admitted or established by undisputed testimony. (Henderson Trust Co. v. Stuart, 108 Ky. 169; Exchange Bank of Ky. v. Trimble, 108 Ky. 230; Greenwood v. McHenry Coal Co., 14 Ky. Law Rep. 336; L. & N. R. Co. v. Breeding, 13 Ky. Law Rep. 397; L. & N. R. Co. v. Raines, 15 Ky. Law Rep. 423; Ashland C. I. & Ry. Co. v. Wallace, 101 Ky. 626; City of Lancaster v. Walters, 25 Ky. Law Rep. 2189; Ry. Co. v. Wallace, 101 Ky. 637.)

2. It appearing from the plaintiff's own testimony that there was negligence upon his part contributing to the injury, and but for which the accident could not have happened, he is not entitled to recover. (P. & M. R. Co. v. Hoehl, 12 Bush, 41; Central Ry. v. Thomas, 79 Ky. 160; Favre v. L. & N. R. Co., 91 Ky. 544; City of Maysville v. Guilfoyle, 110 Ky. 670; Cahill v. Cincinnati & Ry. Co., 92 Ky. 345; Bush v. Grant, 22 Ky. Law Rep. 1766.)

3. No error in refusing evidence as to what was done after accident. (Standard Oil Co. v. Tierny, 92 Ky. 367.)

Opinion of the Court by Judge Carroll—Affirming.

The appellant brought this action against the appellee company to recover damages for personal injuries sustained while laboring in its employment. Upon the conclusion of the evidence, the trial judge directed the jury to return a verdict for the defendant, now appellee. This ruling imposes upon us the necessity of reviewing the facts for the purpose of ascertaining whether or not there was sufficient evidence to authorize the submission of the case to the jury.

It appears that at the time of the accident appellant was engaged in heating rivets in a portable furnace, and carrying them, when heated, to an ash pan located about eight feet from the furnace, which was being repaired by two boiler makers. It was also his duty to put the heated rivets into holes in the ash pan, which rivets were then driven and riveted by the boiler makers. The ash pan had been placed for repairs in an open space in one of the shops of the company about three feet from a large upright machine, with cogwheels, used for rolling iron. The furnace in which the rivets were heated was also some three feet from the rolling machine; the furnace being north of the rolling machine, and the ash pan west. The rolling machine stood upright in the floor, was several feet high and the rollers which were unprotected, could plainly be seen by any person exercising the slightest degree of care. The cogwheels of the machine were put in motion by a belt operated by a lever, and, although it had been located for some months at the place where it was when the appellant was injured, it had not been operated for some time

previous thereto. While appellant was in the act of putting a rivet in its place in the ash pan with his right hand, he carelessly or thoughtlessly put his left hand behind him, when it was caught between the cogwheels of the rolling machine that had been started a few moments before without warning or notice to him. As a result, three of his fingers were crushed. The duties of appellant did not require him to handle, touch, or use the roller machine, nor was he injured by reason of any defects in the implements he was working with. His cause of action based upon the foregoing facts is rested upon the failure of the company to furnish him a safe place in which to work, or, to state more specifically, upon the failure of the company to have the cogwheels on the machine protected, or the negligence of its servants in starting it without notice or warning to him. Keeping in mind that appellant's duties did not require him to touch, use, or handle this roller, or to place his hand in such a position as that it would come in contact with it, the question remains: Is the company liable because appellant carelessly or thoughtlessly placed his hand in such a position as that the rollers would catch it? Or, to put it in another way: Was the company under a duty to appellant to have the cogwheels of the roller machine so protected that his hand could not have been caught, or to have anticipated his thoughtless or careless act and warned him that the machine would be started?

It has been settled in numerous cases that, as a general rule, the master must furnish the servant a reasonably safe place and premises in which to do the work for which he is engaged and reasonably safe implements to work with. It is equally well settled that in many states of case the master will be liable,

although the servant after notice or knowledge of
defective places or premises or appliances continues
to work; and so, if the servant should be injured while
performing his labors by a defective appliance or
place used by him and from which his attention was
for a moment distracted. These principles have been
so often declared and are so well known to the profes-
sion that we deem it unnecessary to do more than cite
the following authorities: Pfister v. Peter, 117 Ky.
501, 78 S. W. 450, 25 Ky. L. R. 605; Western Union
Telegraph Company v. Holtby, 93 S. W. 652, 29 Ky.
L. R. 523; Kentucky & Indiana Bridge Co. v. Melvin,
104 S. W. 334, 31 Ky. Law Rep. 959; Pullman Com-
pany v. Geller, 107 S. W. 271, 32 Ky. Law Rep. 885;
Kilpatrick v. Grand Trunk Ry., 74 Vt. 288. 52 Atl.
531, 93 Am. St. Rep. 887. But the duty of furnishing
reasonably safe appliances and reasonably safe places
and premises is confined to the appliances and places
and premises with which the servant is required to
work, or in which his duties require him to be. We
do not understand that this rule for the protection
and safety of servants in respect to appliances or
premises has ever been extended to embrace places or
appliances outside of those that the servant's duties
require him to labor with. Wilson v. Chesapeake &
Ohio Ry. Co. (Ky.), 113 S. W. 102, Ky. 182. Nor
is the master liable when the servant through careless-
ness or heedlessness receives injuries from appliances
that his duties do not require him to labor with, al-
though they may be unsafe and defective. In every
machine shop there are machines and appliances that
are dangerous and so constructed as to require care on
the part of the employes to prevent injury to them-
selves, and if an employe through thoughtlessness or
negligence upon his part is injured by machinery that

may not be reasonably safe, or that is defective, the master will not be held accountable when the servant has no duty to perform in connection with the machinery that injures him. The master is not an insurer. Every employe in every business must assume some of the risks and dangers that are incident to it or that may happen even with the utmost care on the part of the employer to prevent or guard against them. Liability ought not to be fastened on the master for every injury that his servants receive. He ought not to be held responsible for accidents that inflict harm when they are caused by the servant's inattention to his duties or his careless performance of them. If this rule were established, there would be no limit to the employer's liability, and the employe would be absolved from the duty of exercising care to prevent injury to himself. As to an employe whose duties required him to use this roller machine, the company might have been liable for the failure to protect the rollers, or for the failure to give warning before starting the machine. But, we do not think it owed either of these duties to appellant. Nor was the person who started the machine without warning or notice to appellant guilty of any neglect. He could not and was not required to anticipate that appellant would put his hand in contact with it. Richardson v. Mesker, 171 Mo. 666, 72 S. W. 506. The fact that the machine had not been operated for some time, and that it was standing idle in the room, did not furnish any notice or information to the person in charge of it that appellant would place his hand in a position to be caught and injured.

We have examined the cases of Louisville & Nashville Railroad Company v. Vestal, 105 Ky. 461, 49 S. W. 204, 20 Ky. L. R. 1069, and Kane v. Northern Rail-

road Co., 128 U. S. 91, 9 Sup. Ct. 16, 32 L. Ed. 339, cited by appellant. The doctrine announced in these authorities is a recognized rule in this State, but is not applicable to the facts here presented. In those cases the servant by inattention or thoughtlessness received injuries from defective appliances and premises that they were required to use in the performance of their duties, and it was held that, although the servant knew of the defective and unsafe conditions, yet they were not guilty of such contributory negligence as would defeat a recovery, if in a moment of forgetfulness the danger escaped their attention; and so in the City of Lancaster v. Walter, 80 S. W. 189, 25 Ky. Law Rep. 2189, and Western Kentucky Telephone Company v. Pharis, 78 S. W. 917, 25 Ky. Law Rep. 1838, and other cases, it has been held that a pedestrian, who knew of the defective condition of a sidewalk, but momentarily forgot it, and was injured, could not as a matter of law be denied a recovery.

We have given to this case careful attention, and, looking at it from any standpoint, we are unable to perceive in what respect the company was guilty of negligence as to appellant. The misfortune he met with was due entirely to his own thoughtless or heedless act, and, as there is no dispute about the facts, our conclusion is that the court properly directed a verdict for the defendant.

The judgment of the lower court is affirmed.