[No. 14290.   Department Two.   March 2, 1918.]

AMBROSE A. LANDRY, *Appellant*, v. SEATTLE, PORT
ANGELES & WESTERN RAILWAY COMPANY,
*Respondent.*[1]

COURTS—POWER TO CORRECT ERRORS—JUDGMENT. A memorandum decision of the judge upon motions submitted, directing that an order be prepared, does not prevent the entry of a contrary formal judgment, arrived at on more full consideration.

MASTER AND SERVANT—ASSUMPTION OF RISKS—QUESTION FOR JURY. The assumption of the risk of a telephone pole's falling is a question for the jury, where there was nothing to indicate that it was not set a sufficient depth in the ground, and plaintiff, an experienced lineman, tested it by putting his weight against it before climbing it, without first digging around it.

Appeal from a judgment of the superior court for Clallam county, Ralston, J., entered March 10, 1917, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a lineman through the falling of a telephone pole.   Reversed.

*Griffin & Griffin*, for appellant.

*George W. Korte, Corwin S. Shank*, and *H. C. Belt*, for respondent.

CHADWICK, J.—This case is presented from many angles, but, as we view it, there is but one question for present decision.   Action was brought by appellant to recover damages for personal injuries suffered while in the employ of the respondent.   It seems that appellant, with another, was employed in repairing telephone lines along the right of way of respondent's road, which had been demoralized by severe storms.   One Borgon had contracted with respondent to make the

[1]Reported in 171 Pac. 231.

repairs and had immediate charge of the work. Borgon and appellant worked together.

Appellant was told to climb a pole and put an insulator on it. The pole was standing on a rather steep bank on the down-side of the hill and in earth that had been thrown out when the roadbed had been cut along the hillside. The pole stood upright and seemed to be sound and solid. Borgon says he applied the usual test, as did appellant, by putting his hand against the pole and pushing it to see if it was set firmly in the earth. Appellant went to the top of the pole, and, as he was in the act of lowering a line for the purpose of hauling up a guy wire to be attached to a "dead man" which they had previously set in the ground, the pole gave way. Appellant fell with it, sustaining the injuries of which he now complains.

It was then discovered that the pole had not been set in the ground a sufficient depth to sustain the super-added weight of the lineman. It is the practice to set poles in the ground a distance equal to about one-fifth of the height. The pole was about twenty-five feet high, and was set in the ground between nineteen and twenty-five inches.

Appellant is a lineman of many years' experience, and upon this showing of fact, respondent moved for a nonsuit. This motion was overruled. When the testimony was all in, respondent reasserted its legal position by motion for a directed verdict. This was also overruled, and the case sent to the jury. Upon the return of an adverse verdict, respondent made a motion for a judgment *non obstante veredicto* and a motion for a new trial. The court took the several motions under advisement, and, after due consideration, wrote to counsel on either side at Seattle that the motion for judgment *non obstante* would be overruled, and directed that an order be prepared. This order was pre-

pared, "O. K'd." by counsel for respondent, and returned to the trial judge. Whereupon, the judge, after more mature consideration, came to the conclusion that his first impression of the case was wrong, and directed that a judgment *non obstante veredicto* be entered.

Counsel first contends that the court had no power, after deciding that the motion *non obstante veredicto* should be overruled, to thereafter entertain it and enter a judgment in favor of the respondent. We think it has been fairly settled by the decisions of this court that the formal judgment as entered is the judgment of the court, irrespective of memorandum opinions or minute entries (*State ex rel. Jensen v. Bell,* 34 Wash. 185, 75 Pac. 641; *Gould v. Austin,* 52 Wash. 457, 100 Pac. 1029; *McGuire v. Bryant Lumber & Shingle Co.,* 53 Wash. 425, 102 Pac. 237; *Michel v. White,* 64 Wash. 341, 116 Pac. 860), excepting, of course, a judgment entry made by the clerk under the statute directing that such judgment should be entered by the clerk in cases tried by a jury.

It is the contention of counsel that appellant, being an experienced lineman, was bound to inspect the pole before climbing, and having inspected it, he is bound by such inspection and cannot recover. In other words, that he is bound to an assumption of risk. Appellant contends that no means of inspecting poles was provided.

It seems that the distance a pole may be set in the ground can be determined by the use of an iron rod, and it is said that this should have been furnished if respondent would hold appellant to the rule of self-insurance. This is met by respondent with a suggestion that the duty of inspection, by whatever means, was on appellant, and that an inspection which would have shown the distance the pole was set in the ground could have been made by appellant with a shovel which

had been furnished by respondent and which appellant was using in the work in which he was then engaged.

This court has held that, when a person, being experienced in his line of work, undertakes to do a certain thing calling for the exercise of skill and judgment, he is bound to inspect and reject all unfit tools and appliances that are put in his hands, and that he assumes at his own risk all work depending upon the strength and security of the means and methods employed by him, the theory of the law being that the experienced or expert workman is quite as competent to appreciate danger and avoid it as is his principal. But, after all, the various principles that are laid down by the courts in negligence cases where contributory negligence or assumption of risk are urged as a defense are but means to the same end; to find out the degree of care required of the one so charged, and to inquire whether, under the facts of the particular case, he met the legal tests of prudence—whether he acted as a man of ordinary prudence would have acted under the same or similar circumstances.

In the case at bar, the pole seemed to be firmly set in the ground. There was nothing about it to challenge the attention of the two men who were engaged in the work. Appellant tried it by putting his weight against it. It seemed secure. We cannot hold, as a matter of law, that appellant had no right to act upon appearances, or that he was bound to the extraordinary care of digging around or at the side of a seemingly solid pole with a shovel to see how far it was set in the ground.

The defect was not discoverable by ordinary tests. There was nothing to indicate that the pole was not set to a sufficient depth in the ground to support it. We think, under such a state of facts, the question of the

assumption of risk was for the jury, and it has decided that question in favor of appellant. There are many cases in our reports which affirm these principles. Cases from other courts, in point in fact as well as law, are *Bland v. Shreveport Belt R. Co.*, 48 La. Ann. 1057, 20 South. 284, 36 L. R. A. 114; *Arnold v. Northeastern Pennsylvania Tel. Co.*, 253 Pa. 23, 97 Atl. 1038; *Holden v. Gary Tel. Co.*, 109 Minn. 59, 122 N. W. 1018; *Western Union Tel. Co. v. Holtby*, 29 Ky. Law 523, 93 S. W. 652.

Counsel have no doubt cited other cases in point. If so, they are scattered through their rather lengthy brief under the alias, "supra," a method of identification tolerable in a short brief or opinion, but truly distracting in one of any length. Our time will not permit further search of the briefs for true marks and brands. Authorities are not necessary to support our holding, for, if our premises be correct, the case is controlled by fundamental principles. *Anderson v. Inland Tel. & Tel. Co.*, 19 Wash. 575, 53 Pac. 657, 41 L. R. A. 410; *Goddard v. Interstate Tel. Co.*, 56 Wash. 536, 106 Pac. 188; and *Hord v. Pacific Tel. & Tel. Co.*, 68 Wash. 119, 112 Pac. 598, are relied upon by respondent as decisive.

In the *Anderson* case, the injured party was an experienced lineman and under a duty to take care of his own safety. His work was hazardous. The danger was obvious to an experienced man. He had been supplied with all means of testing wires and insulators. He assumed an ordinary risk which, on account of the nature of his work, he was bound to anticipate, and which he took no means to avoid, having everything in his own hands to avoid the danger. In the case at bar, appellant assumed the duty of ordinary care and performed it. The character of the risk and his relation thereto did not demand that he seek out hidden or latent dangers.

The facts distinguish both the *Goddard* case and the *Hord* case. In the one case, *Goddard* rested his weight upon a bent iron step set in the pole. In legal contemplation, he just stepped out in the air. Being an experienced lineman doing the special work of a trouble man, he was charged with the duty of avoiding an obvious danger.

So in the *Hord* case, an experienced lineman was content to set his spurs or climbers in a rotten spot in the pole. A duty of inspection to the extent of avoiding obvious defects was upon him. Under the admitted facts, the court held that he did not take ordinary precautions for his own safety and to avoid defects which would have been apparent had he done so. The court held that a "casual glance" did not meet the full measure of his duty.

We take it that the motion for judgment *non obstante veredicto* was a renewal of the motion for nonsuit upon the grounds of insufficient testimony to take the case to the jury under the doctrine of the assumption of risk. Having found that the case was for the jury, it is necessary to remand with instructions to pass upon the motion for a new trial, all other questions of law being reserved pending the action of the lower court.

ELLIS, C. J., MOUNT, MORRIS, and HOLCOMB, JJ., concur.