(December 15, 1920.)

## LEE WALTON, Respondent, v. JAMES H. MAYS, Appellant.

[194 Pac. 354.]

TRIAL—JUDGMENTS—RES JUDICATA.

    1. The jury should not be permitted to take with them the pleadings in the action being tried upon retiring for deliberation. The practice is not a safe one; but it is not reversible error so to do in the absence of a showing of prejudice.

    2. A judgment of nonsuit entered on the ground that plaintiff had failed to prove a sufficient case for the jury is not a final determination of the rights of the parties upon the merits, and is not a bar to another action.

APPEAL from the District Court of the Fifth Judicial District, for Power County. Hon. Robert M. Terrell, Judge.

Action to recover balance on account. Judgment for plaintiff. *Affirmed.*

James H. Wise, for Appellant.

The jury decides the question upon the evidence, not upon the pleadings. It would be a vicious practice to require the pleadings to be sent out with the jury to their jury-room. (*Spaulding v. Saltiel,* 18 Colo. 86, 31 Pac. 486.) It would not conduce to a full and fair trial if inexperienced jurors were left to determine the issues from the pleadings. (*Kansas City, Ft. Scott, S. & M. R. R. Co. v. Eagan,* 64 Kan. 421, 67 Pac. 887; *Granite Gold Mining Co. v. Maginness,* 118 Cal. 131, 50 Pac. 269; *Kansas City, Ft. Scott S. & M. Co. v. Dalton,* 66 Kan. 799, 72 Pac. 209.)

---

    1. Effect on verdict of papers improperly in jury-room, see notes in 6 Ann. Cas. 931; Ann. Cas. 1915C, 924.

    2. Judgment for defendant for failure or insufficiency of plaintiff's proof as bar to subsequent suit on same cause of action, see note in 9 Ann. Cas. 187.

In order that the pleadings should go to the jury, it would necessitate their introduction in evidence. (*Powley v. Swenson,* 146 Cal. 471, 80 Pac. 722, 1. c. 727.) The practice cannot be approved in any case. (*Stevens v. Maxwell,* 65 Kan. 835, 70 Pac. 873.)

The judgment of dismissal or nonsuit, under the circumstances of this case, is a final adjudication of the case. (*McGuire v. Bryant Lumber Co.,* 53 Wash. 425, 102 Pac. 237; *Smith v. Progressive Irr. Dist.,* 28 Ida. 812, 156 Pac. 1133; Black on Judgments, 2d ed., sec. 712.)

A decision of a court upon a claim in the former action is as effectually a bar to recover in another suit upon the same cause of action as that of a jury. (*Glenn v. Savage,* 14 Or. 567, 13 Pac. 442; *Goodman v. Malcom,* 5 Kan. App. 285, 48 Pac. 439; *Indian Land Co. v. Shoenfelt,* 135 Fed. 484, 68 C. C. A. 196.)

A judgment of nonsuit is a final judgment within the meaning of the provisions of sec. 6830, subd. 5. (*Spongberg v. First Nat. Bank,* 15 Ida. 671, 99 Pac. 712.)

Baird & Davis, for Respondent.

The sending of pleadings to the jury-room is not reversible error, in the absence of a showing of prejudice. (*Powley v. Swensen,* 146 Cal. 471, 80 Pac. 722.) The sending of papers to the jury-room is in the discretion of the trial court. (*McLean v. Crow,* 88 Cal. 644, 26 Pac. 596.) The appellant must show some prejudice in the court's action in sending pleadings to jury. (*Hankins v. Hankins* (Iowa), 79 N. W. 278; *Odd Fellows Hall v. Masser,* 24 Pa. 507, 64 Am. Dec. 677; *Franklin v. Atlanta & C. Air Line Ry. Co.,* 74 S. C. 332, 54 S. E. 578; *Shulse v. McWilliams,* 104 Ind. 512, 3 N. E. 243; *Snyder v. Braden,* 58 Ind. 143; *Summers v. Greathouse,* 87 Ind. 205; *Paxton v. Woodward,* 31 Mont. 195, 107 Am. St. 416, 3 Ann. Cas. 546, 78 Pac. 215; 14 R. C. L. 728; *Bluedorn v. Mo. Pac. Ry. Co.,* 121 Mo. 258, 25 S. W. 943.)

A judgment of nonsuit is not *res judicata,* and is not a decision on the merits nor a bar to another action between

the same parties. (*Berlin Machine Works v. Dehlbom Lumber Co.,* 29 Ida. 494, 160 Pac. 746; 23 Cyc. 1136, par. 6; *Woods v. Lindvall,* 48 Fed. 70, 1 C. C. A. 37; *Northern Pac. R. Co. v. Spencer,* 56 Or. 250, 108 Pac. 180; *Smalley v. Rio Grande,* 34 Utah, 423, 98 Pac. 311; *City of San Francisco v. Brown,* 153 Cal. 644, 96 Pac. 282; *Craver v. Christian,* 34 Minn. 397, 26 N. W. 8; *Andrews v. School District,* 35 Minn. 70, 27 N. W. 303; *Gates v. McLean,* 2 Cal. Unrep. 636, 9 Pac. 938; *Robinson v. American Car Foundry Co.,* 135 Fed. 693, 68 C. C. A. 331; *Flemming v. Hawley,* 65 Cal. 492, 4 Pac. 494; *Hoover v. King,* 43 Or. 281, 72 Pac. 880, 65 L. R. A. 790; *Hudson v. Remington Paper Co.,* 71 Kan. 300, 6 Ann. Cas. 104, 80 Pac. 568.)

RICE, J.—This is an appeal from a judgment in favor of plaintiff upon an action to recover balance due upon account.

The first assignment is that the court erred in allowing the jury to take the complaint, answer and bill of particulars to the jury-room, and in instructing the jury that it might refer to them and each of them for such information as would assist it in arriving at a proper verdict.

C. S., sec. 6852, provides: "Upon retiring for deliberation the jury may take with them all papers which have been received as evidence in the cause, except depositions, or copies of such papers as ought not, in the opinion of the court, to be taken from the person having them in possession, and they may also take with them notes of the testimony or other proceedings on the trial, taken by themselves or any of them, but none taken by any other person."

This statute does not contemplate that the pleadings shall be delivered to the jury upon retiring for deliberation, and the practice of so doing is not to be commended. The rule, however, is that it is not reversible error to permit the jury to take with them the pleadings upon retiring for deliberation unless prejudice be shown. (*Powley v. Swensen,* 146 Cal. 471, 80 Pac. 722.)

In this case, after reviewing many authorities from different jurisdictions, it is said: "We do not think the practice

of allowing pleadings to be taken to the jury-room is a safe one, however the statute may be viewed; for it must be apparent to every practitioner that cases might arise where it would work prejudice, if this were permitted. In the present case no prejudice or injury was caused and none is pointed out.''

In the case at bar no prejudice is pointed out, and the pleadings are of such a character that it would be difficult to presume that any injury could result. The jury was elsewhere instructed that its verdict must be based upon the evidence, and it could not have understood from the instructions as a whole that it had a right to use the pleadings and bill of particulars as a basis for its verdict.

It is next contended that the court erred in striking from appellant's answer the plea of *res judicata*. It appears that upon a former trial of the same cause of action, the following judgment was entered:

''At the conclusion of the taking of evidence on behalf of the plaintiff, the defendant interposed a motion that the plaintiff be nonsuited on the ground that he has failed to make out a case sufficient to entitle him to go to the jury, and after argument of counsel, the court being fully advised in the premises ordered that said motion be granted.

''It is therefore ordered, adjudged and decreed that the said plaintiff be nonsuited and his complaint and action herein dismissed and the defendant have and recover his costs herein fixed at $162.25.''

In *Berlin Machine Works v. Dehlbom Lumber Co.*, 29 Ida. 494, 160 Pac. 746, it is said: ''It is a well-established rule that a judgment of nonsuit does not terminate the rights of the parties, and is no bar to a new action.''

It is contended that the judgment above quoted, although called a judgment of nonsuit, was a judgment upon the merits. Whether a judgment be one of nonsuit or one finally determining the rights of the parties so as to become a bar to a future action is to be determined by the contents of the judgment itself. (*Nance v. Valentine*, 99 Wash. 323, 169 Pac. 862; *Landry v. Seattle, P. A. & W. Ry. Co.*, 100

Wash. 453, 171 Pac. 231; *McGuire v. Bryant Lum. & Shingle Mill Co.*, 53 Wash. 425, 102 Pac. 237.)

The judgment we are considering is clearly one of nonsuit, granted upon motion of defendant because upon the trial the plaintiff failed to prove a sufficient case for the jury. It was not a final determination of the rights of the parties, and not a bar to another action.

The judgment is affirmed. Costs awarded to respondent.

Morgan, C. J., and Rice, J., concur.