**STATE ex EGBERT et v LEISER**

Ohio Appeals, 1st Dist, Butler Co

No 815. Decided May 1, 1941

Clinton Egbert, Hamilton, and Walter S. Harlan, Hamilton, for relators.

Paul A. Baden, Hamilton, for respondent.

## OPINION

By MATTHEWS, PJ.

The relators by this action invoke the jurisdiction of this court in mandamus to compel the respondent as Probate Judge of Butler County to enter an order upon the journal of the Probate Court for the payment by the estate of Louise M. Held, deceased, to them of $1000.00, as a fee for services rendered in connection with an action in that court for the construction of certain provisions of the will of the said Louise M. Held, deceased.

In their petition, they allege that Gideon Palmer, who was the judge of the Probate Court at that time, by an entry made upon the journal of the court, appointed them "amici curiae in said action to construe said will giving and granting to said relators as amici curiae the right to file briefs, make arguments, and participate in the hearing of said action". They allege that they accepted "said employment and participated in various hearings—offered testimony and filed briefs therein", and after the court had decided the case they filed a motion in the estate of Louise M. Held, deceased, for fees for the services rendered, that this motion came on for hearing before Judge Palmer and as a result Judge Palmer "found in favor of the relators, and rendered a written opinion holding in favor of relators, and ordering and adjudging attorneys' fees to be paid to the relators in the sum of $1000.00, same to be paid as a part of the costs in the settlement of said estate."

It is also alleged that Judge Palmer died "before signing the entry to be placed on the journal of said court," and that the respondent was appointed to fill the vacancy and is now the duly qualified and acting probate judge.

It is then alleged that they have requested the respondent to sign the entry and enter it upon the journal of the court, and that he has refused.

The action comes before the court upon the respondent's demurrer to this petition. It raises the question of whether the petition states a cause of action.

There is no allegation that any entry of any sort on this subject was made by Judge Palmer in any record of the court which the law required to be kept. The only writing mentioned in the petition is the opinion of the court which it is alleged was in writing. There is no allegation that the entry was prepared by him or that any one else prepared such an entry which he approved and directed to be spread upon the journal.

As is said in **23 O. Jur. 614:** "A judgment is not regarded as having been rendered before it is reduced to a journal entry. Otherwise, it is declared, doubt and controversy would constantly arise as to what the judgment of the court and its date were."

In **Coe v Erb, 59 Oh St 259, at 263,** it is said: "The requirement that all judgments must be entered on the journal carries the implication that until that is done, the judgment is inchoate only; it is incomplete."

To the same effect are **Industrial Commission v Musselli, 102 Oh St 10; Smith v Smith, 103 Oh St 391; Cox v**

Cox, 108 Oh St 473, and the same case in 17 Oh Abs 25, in which cases were distinguished in which notations on official records had been made.

In 1 Freeman on Judgments, the author in discussing the legal status of oral and written pronouncements said:

"But before such a pronouncement should be taken as the judgment it must be clear that it was intended as such and not merely an announcement of the opinion of the Court or an indication of what the judgment is to be. In other words it should be certain that the court intends to pronounce a judgment and not merely to make a preliminary order which is expected to result in a judgment at a later date. Courts do not speak through their opinions, but through their judgments and decrees."

In Landry v Seattle P. A. & W. R. Co., 100 Wash., 453, the syllabus is:

"A memorandum decision of the judge upon motions submitted, directing that an order be prepared, does not prevent the entry of a contrary formal judgment, arrived at on more full consideration."

For ought that appears in the petition, Judge Palmer was at liberty to enter any order he thought the law and facts required, notwithstanding his announcement. If he concluded on further consideration that the law required it, he not only was at liberty to, but was required to enter a directly opposite entry upon the journal of the court. As the probate judge is ex officio, his own clerk, he could not in the latter capacity treat the entry as a ministerial duty imposed upon him by direction of the judge when he knew or believed in the latter capacity that the entry, if made, would be contrary to law and the rights of the parties. So it is our opinion that had Judge Palmer lived, he could not have been compelled by mandamus or otherwise to make this entry against his will and contrary to his belief in its validity. Judicial discretion cannot be controlled by the writ of mandamus.

We also conclude that in the absence of statute the respondent would stand in the same position as his predecessor, and that his judicial discretion could not be controlled.

But counsel rely chiefly upon §10501-8 GC, for their conclusion that the respondent as successor has no discretion, but must make the order without any inquiry as to its correctness. That section is as follows:

"When a probate judge, whether elected or appointed, enters upon the discharge of his duties, he shall make in the respective books of his office, the proper records, entries and indexes omitted by his predecessor or predecessors in office. When so made, they shall have the same validity and effect as though they had been made at the proper time, as prescribed by law, and by the officer whose duty it was to make them, and such probate judge shall sign all entries and records made by him as though such entries, proceedings and records had been commenced, prosecuted, determined and made by or before him."

By this section, it seems clear, that the successor judge is placed in the same position as his predecessor and that whatever non-discretionary duty rested upon him was transferred to his successor, but that no greater or different duty arose by reason of a change in the incumbency of the office. Indeed it is expressly stated that the successor judge shall sign all entries and records as though the proceedings had been "commenced, prosecuted and determined and made by and before him."

It should be said that Judge Palmer prepared no entry or record. There is no allegation of that sort. The most that is alleged is that he announced an intention to make an entry. And

the nature of the subject matter was such that the law did not impose upon him the duty of making just one form of entry. The nature of the entry depended upon the conclusion entertained by the judge at the time as to the rights of the parties.

Counsel concede that the respondent would have the power to set aside the entry desired by them and make a contrary entry as the result of a hearing upon an application for that purpose. That concession seems to us to indicate that judicial discretion is involved. If respondent is now of the opinion that the proposed entry is contrary to law, making it would be an error to be immediately corrected by setting it aside, all to the useless encumbrance of the court's records.

For these reasons, the demurrer is sustained.

ROSS & HAMILTON, JJ., concur.