## MT. TERRY MIN. CO. V. WHITE.

1. A witness in chief, testifying as to an account, said that he was unable, without reference to a certain account book, to state the amount thereof. *Held* that, where he identified such book on cross-examination, the page therein containing the account referred to was admissible as a part of his cross-examination.

2. In an action for money received, defendant denied the indebtedness, and also alleged a settlement. The court limited the issue to the question what, if any, money had been received. The evidence in support of such issue was unsatisfactory, yet there was a verdict for plaintiff. *Held*, that it was reversible error to send the pleadings with the jury on their retirement, since they probably construed the defense of settlement as an admission of the indebtedness.

3. Where a notice of intention to move for a new trial unnecessarily specifies the particulars in which the evidence is alleged to be insufficient, and a copy of the notice is incorporated into and made a part of the bill, it is a sufficient compliance with the statute, and the fact that the page of the bill containing the required specifications also contains the language of the notice does not render it invalid because of the superfluous specifications.

(Opinion filed April 5, 1898.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action to recover from the estate of Thomas H. White, deceased, moneys had and received by him as treasurer of plaintiff company. Plaintiff had judgment, and defendant appeals. Reversed.

The facts are stated in the opinion.

*Martin & Mason*, for appellant.

An account kept in the regular course of business by the treasurer and secretary of plaintiff, in the only books in which accounts of the company were kept, is *prima facie* a correct account, and it was error to exclude it. 1 Whart. Ev. § 678; Union Sch. Furn. Co. v. Mason, 3 S. D. 147, 52 N. W. 671; Smith v. Hawley, 8 S. D. 363, 66 N. W. 942; Johnson v. Morsted, (Minn.) 65 N. W. 727; Fulkerson v. Long, 63 Mo. App

298; Young v. Luce, 21 N. Y. Supp. 225. The pleadings were erroneously sent to the jury. Comp. Laws, § 5052; Harding v. Ins. Society, 10 S. D. 64, 71 N. W. 755.

*Edwin Van Cise,* for respondent.

Corporations are not bound by false and simulative entries upon their records, unless they have estopped themselves to deny their truth. City Electric Co. v. Bank, (Ark.) 31 L. R. A. 535; Holden v. Hoyt, 134 Mass. 181. Where it so plainly appears that no prejudice resulted from sending the pleadings to the jury, the error, if any, was cured by the verdict. Kirby v. W. U. Tel. Co., 4 S. D. 105.

HANEY, J. Plaintiff seeks to recover from the estate of Thomas H. White, deceased, upon an account for money had and received by him as its treasurer. Defendant denies any indebtedness on account of money had and received by deceased, and alleges a full and complete settlement of all claims and demands existing between the parties made prior to White's death. Nathan Halle, called as a witness on behalf of plaintiff, testified to a conversation with deceased touching the balance in his hands as treasurer of the company, but was unable to state the amount of such balance without reference to a book wherein the treasurer had kept his accounts with the company. On cross-examination he was asked this question: "Do you remember the amount independently of this book at all?" He answered, "No, sir." Thereupon counsel for defendant, after having identified the late treasurer's book, offered as part of Halle's cross-examination a page of the book containing the account referred to by the witness, to which plaintiff objected as "incompetent, immaterial, and not proper cross-examination," and the objection was sustained. This ruling was clearly erroneous. Where the testimony of a witness in chief is thus based upon, and inseparable from, a memorandum or writing, the opposite party is entitled to such writing as a part of the cross-examination.

When the jury retired for deliberation, the court, against defendant's objection, permitted them to take the complaint and answer. It was said by this court in a recent case: "Without deciding that it would be reversible error in all cases to permit the jury, upon retiring for deliberation, to take the pleadings with them, the court is of the opinion that the statute does not contemplate that it should ever be done. Comp. Laws, § 5052. Pleadings should be construed by the court. Its·charge should clearly define the issues of fact to be submitted, and no useful purpose can ever be served by allowing pleadings to be inspected by the jury. On the contrary, confusion and misapprehension of the real issues will usually result from such inspection by persons unacquainted with the rules and principles of pleading. The pleadings are for the court. They should not be taken by the jury under any circumstances." Harding v. Insurance Soc., 10 S. D. 64, 71 N. W. 755. In its charge the court submitted but one issue, namely, what, if any, money had been received and retained by deceased as treasurer; and excluded from their consideration any evidence tending to show a settlement. The allegations of the answer relating to settlement are apparently, if not actually, inconsistent with the contention that deceased had not received and retained money belonging to the company; and it is altogether probable that persons unfamiliar with the rules of pleading in this state would construe the affirmative division of the answer as an admission of the indebtedness alleged in the complaint. Even the learned counsel for respondent suggests, in his brief, that the indebtednes alleged by plaintiff is virtually admitted by the answer. However illogical the rule permitting inconsistent defenses may be considered—and it is so considered by many eminent jurists—it is firmly established in this jurisdiction, and can only be changed by legislation. Stebbins v. Lardner, 2 S. D. 127, 48 N. W. 847; Green v. Hughitt School Tp., 5 S. D. 452, 59 N. W. 224; Lawrence v. Peck, 3 S. D. 645, 54 N. W. 808. The effect of defendant's de-

nial should not have been impaired by an inspection of the other portions of the answer. The evidence in support of the only issue submitted to the jury was, at best, unsatisfactory, and, unaided by what counsel aptly terms the virtual admission of the answer, might readily have been regarded as insufficient to justify a verdict for plaintiff. Under the circumstances of this case, it was clearly reversible error to send the pleadings with the jury upon their retirement.

When this appeal was submitted, the court reserved its ruling upon respondents motion to strike out the bill of exceptions. Appellant's motion for a new trial was made upon a bill of exceptions to be settled and certain affidavits. Her notice of intention unnecessarily specified the particulars in which the evidence was alleged to be insufficient, and the particular errors of law relied upon. When the bill of exceptions was settled, a copy of the notice of intention was incorporated into and made a part of it. This was a substantial compliance with the statute. If the page of the settled bill of exceptions containing the required specifications also contained the language of appellant's notice of intention, the bill was not thereby rendered invalid, any more than was the notice of intention by containing the superfluous specifications. Respondent's motion was not well taken. The judgment is reversed, and a new trial ordered.

Petition for rehearing denied, June 15, 1898.