## MCMAHON V. CROCKETT.

1. Where a notice of motion for a new trial specifies all the errors relied on, and is made a part of the bill of exceptions settled by the court, one of which is that the evidence is insufficient to support the findings of fact, appellant is entitled to a review of the evidence on appeal, though the bill of exceptions contained no specifications of error.

2. Under Comp. Laws, § 1468, requiring judges and clerks of election of each precinct to deliver the ballot boxes used at an election, duly sealed, to the chairman of the board of commissioners of the county, who is required to safely keep same, where certain of the ballot boxes used at an election were delivered to contestant, a candidate at such election, who opened them, and the contents of one of the boxes, as it appeared at the trial, were not the same as when so delivered, contestant was not entitled to assail the official canvass of the votes on which a certificate of election was issued to respondent.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Pennington county. Hon. JOSEPH. B. MOORE, Judge.

Election contest by Peter F. McMahon against Horace Crockett. From a judgment in favor of contestant, respondent appeals. Reversed.

*Schrader & Lewis* and *Ivan W. Goodner*, for appellant.

There was a full assignment of errors in the notice of motion for a new trial, which was incorporated into the bill of exceptions, and this was a sufficient compliance with the statute. Mt. Terry Min. Co. v. White, 10 S. D. 620; Reagan v. McKibben, 11 S. D. 270. It was also stipulated in open court that the stenographer's transcript should be settled as the bill of exceptions.

Under the law of this state, ballot boxes and ballots are to be deposited not with the county auditor, but with the chairman

of the board of county commissioners, § 1468 Comp. Laws. The evidence showing that the ballots were in an unlawful custody, that there was ample opportunity to tamper with them, and that they were actually tampered with, they lost their value as primary evidence and the sole resort should have been to the election returns. McCrary, Elec. (4th Ed.,) § 475; Cooley, Const. Lim., § 625; Hudson v. Solomon, 19 Kas. 186; Tebbe v. Smith, 41 Pac. 455; Powell v. Holman, 50 Ark. 94; Kingery v. Berry, 94 Ill. 517; Beall v. Albert, 159 Ill. 126; People v. Livingston, 79 N. Y. 290; Davenport v. Olerich, (Ia.,) 73 N. W. 603; Fishbach v. Bramel, Wyo.,) 44 Pac. 840; Rohde v. Steinkitz, (Colo.,) 55 Pac. 314; Dent v. Board, 32 S. E. 250; Coughlan v. Board, 2 Pac. 773; Howser v. Pfeffer, (N. D.,) 79 N. W. 1018.

*Chauncey L. Wood, Charles J. Buell* and *Horner & Stewart*, for respondent.

The omission from appellant's bill of exceptions, as served, of a specification of the errors relied upon, is fatal to the right to review the evidence, Peart v. Railway, 8 S. D., 634; 67 N. W. 837; Wood v. Nissen, 2 N. D. 26; 49 N. W. 103. The ballot boxes were safely and securely kept as required by law. Tebbe v. Smith, 41 Pac. 454; Hartman v. Young, 20 Pac. 17; Hudson v. Salomon, 19 Kas. 180.

FULLER, J.    This statutory contest for the office of county auditor resulted in a judgment predicated upon findings of fact favorable to Peter F. McMahon. Horace Crockett, the opposing candidate, holding the certificate of election, based upon the determination of the board of county canvassers that upon the face of the returns he had received a majority of one vote, prosecutes this appeal.

As the notice of intention to move for a new trial specifies all the errors relied upon, and is made a part of the bill of exceptions settled by the court in accordance with a stipulation entered into by counsel for the respective parties, there is no merit in the contention that appellant is not entitled to a review of the evidence because the bill contains no specifications of error. Mining Co. v. White, 10 S. D. 620, 74 N. W. 1060; Reagan v. McKibben, 11 S. D. 270; 76 N. W. 943. Under our view of the law applicable to the facts presented, an assignment of error relating to the insufficiency of the evidence to support the following findings of fact is the only matter essential to a determination of this appeal: "That the court finds that after said election, and within the time limited by law therefor, the ballot boxes from each precinct in said county, duly sealed as provided by law, were returned by the judges and clerks of election of each precinct to the chairman of the board of commissioners of said county, and that said ballot boxes, and each of them, were duly and properly sealed as the law provides, and have ever since, and until the recount of said ballots at the trial hereof, been securely kept under seal, and in no manner changed, altered, or tampered with, and that said ballots, and each of them, so as aforesaid recounted by the court, were the original ballots used and cast by the respective legally qualified electors of said county, and in no manner changed or altered. The court finds that there is no evidence whatever to prove or tending to prove the allegations of fraud contained in the defendant's answer herein." As to the treatment of the ballot boxes, it is undisputed that they were all returned to respondent, Peter F. McMahon, auditor, together with the keys; that he opened a large number of them for the purpose

of getting the poll books to compare, and, for the avowed purpose of ascertaining the result of the vote on all the officers, he testified that he opened the ballot box used in the Second ward precinct of Rapid City, which, at his instance and request, had been delivered to him after midnight, at his sleeping apartment, by one of the judges of election, from whose amply corroborated testimony it quite clearly appears that material alterations in some of the ballots contained therein have been effected. It was conclusively shown at the trial that, after canvassing the ballots cast in the Second ward of Rapid City several were folded together without the least regularity. One of the judges used his foot to stamp them into the crowded ballot box, and in that condition it was delivered to respondent, McMahon, who admits that he unlocked and opened the same. The first lawful examination of the contents of this ballot box occurred in court, and each ballot was found to be separately folded, and placed in the box in an orderly manner. Among the ballots cast, canvassed, and returned to the ballot box before it was turned over to respondent, there were three straight tickets, with the exception that neither of the three voters had expressed a choice for county auditor, no cross or mark having been placed opposite the name of either candidate, but no such ballots were produced at the trial; and the court very properly found that every ballot before it was marked either for McMahon, the contestant, or Crockett, the contestee, for the office in controversy. Being thus placed within the reach of an interested person, whose unauthorized touch tends to contaminate, the intrinsic evidential quality of these ballots had ceased to exist, so that, as between them and the canvass thereof by proper authority, the latter is clearly con-

trolling    Judge McCrary, in his excellent  treatise, enunciates the American doctrine as  follows:    "Before the ballots should be allowed in evidence to overturn the official count and return, it should appear affirmatively that they have been  safely  kept by the proper custodian of the law, that they have not been exposed to the public or  handled  by  unauthorized. persons, and that no opportunity has been given for tampering  with them." McCrary, Elect. § 475.    In the case  of  Hudson v. Solomon, 19 Kan. 177, Judge Brewer thus states two  of  the  cardinal rules governing elections and  election  contests:    "(1) As between the ballots cast at an  election, and  a  canvass of  these ballots by the election officers, the former are  the  primary, the  controlling, evidence.    (2) In order to  continue  the  ballots controlling as evidence, it must appear that  they  have  been preserved in the manner and by the officers prescribed in the statute, and that while in such custody they have  not been  so  exposed to the reach of unauthorized persons as to afford  a reasonable probability of their having been  changed  or  tampered with."    In instances like  this  the burden is upon the contestant to show with  a  reasonable degree of  certainty  that  the ballots have neither been tampered with nor placed  within the reach of unauthorized persons, before  they  are  admissible in evidence to disprove the official returns, or  impugn  the action of a board of canvassers.    Fishback v. Bramel (Wyo.) 44 Pac. 840; Davenport v. Oelrich (Iowa)  73 N. W. 603; Dent v. Board (W. Va.) 32 S. E. 250; Kingery  v.  Berry, 94 Ill. 515; Cooley, Const. Lim. 625; People v. Livingston, 79 N. Y. 290; Howser v. Peffer (N. D.) 79 N. W. 1018.    In this  state  a  person duly authorized must within a  specified time  deposit  the ballots and the ballot boxes with the chairman of the board of county com-

missioners, upon whom the legislature has imposed the important duty of carefully keeping the same. Consequently the manner in which this official business was conducted is at variance with the express terms of a statutory provision emanating from a wise consideration for the public good. Comp. Laws, § 1468. It therefore follows that, while ballots intelligently disclosing the voters' choice of candidates are essentially more reliable than the summary resulting from a canvass upon which the certificate of election issues, their continued infalli bility and value as evidence depend, of necessity, upon their preservation according to the method prescribed, and by the officer whom the law has designated for that purpose. Eliminating from this consideration every vestige of bad faith, the fact still remains that respondent has by his own hand forfeited the right to assail, with ballots unlawfully kept, the result of a regular canvass by proper officials, and their admission in evidence for that purpose was clearly erroneous. The foregoing leads to a reversal of the case, which is remanded, with the direction that judgment be entered in favor of appellant, awarding him the office.