CHARLES H. PARK, Respondent, *v.* ALMON M. FARNSWORTH, Appellant.

(County Court, Oneida County, January, 1917.)

Highways — public — constructed for public travel — automobiles — negligence.

Highways are constructed for public travel not for animals to stray in.

The owner of fowls has no right to permit them to run at large in the public highway and he is guilty of a fault if he does.

A turkey straying on the public highway is a trespasser and, where defendant operating an automobile thereon ran over and killed a turkey owned by plaintiff, no action lies to recover its value, in the absence of proof of defendant's negligence or that the killing was intentional.

·Misc.]    County Court, Oneida County, January, 1917.

APPEAL on questions of law from a judgment of Justice's Court, rendered upon the verdict of a jury, in the town of Camden.

George F. Morss, for appellant.

M. H. & W. J. Powers, for respondent.

HAZARD, J.  The defendant operating an automobile on a public highway in the town of Camden ran over or into a turkey owned by the plaintiff causing its death, and this action was brought to recover for the value of the turkey.  The amount involved is trivial, but instances of this sort happen frequently, and I have found the law involved to be somewhat interesting and not at all clearly defined.  In fact, I have been unable to find any reported case very closely resembling this one upon the facts, or which sheds any direct light upon the legal status of fowls, etc., wandering at large upon the highway.  I apprehend that the amount of care and caution required by a party operating an automobile along the highway, in connection with a flock of fowls which he may or should see wandering alongside the road, is dependent to some extent at least upon the question of the legal right of those birds to be there.  It is doubtless true that one operating an automobile may not wantonly run down fowls or animals which are straying in the highway, even if their presence there is illegal.  This case presents the question as to the amount of care requisite from the operator of an automobile when he sees fowls near that part of the highway which he is approaching.  Fowls, like small children, are likely to dart across the highway without paying any attention to the consequences.  I believe that the law of the state will soon require, if it does not now, that a person approaching small children

near the edge of the highway will be required to operate his car in such a careful and prudent manner that if, in the course of their play, the children start suddenly and unexpectedly to run across the road, the operator can control his car and stop it almost instantly. I doubt if the law of the state now or ever will require such a degree of care with reference to fowls or straying animals. The rule stated, as applied to children, would entail a considerable hardship upon automobile operators, but the lives of children are valuable and must be protected. On the other hand, the lives of fowls or animals are ordinarily not particularly valuable, and their rights in the highway, if they have any, must, it seems to me, give way to the superior right of the traveling public to pass with reasonable freedom and rational speed along the highway. Highways are not built or maintained for animals or fowls to stray in. They are " constructed for public travel." *Johnson* v. *City of New York,* 186 N. Y. 139, 147. Judge Beardsley said in the case of *Tonawanda R. R. Co.* v. *Munger,* 5 Den. 264: " The public interest in a highway comprehends the right of every individual to pass and repass upon it, in person and with his property, at his own pleasure; but confers no right to use it as a sheep walk or pasture ground for cattle." It was said in *Brownell* v. *Flagler,* 5 Hill, 282: " There may have been some slight degree of negligence on the part of the plaintiff in allowing his cow and lamb to escape into the highway; and if the lamb had been killed by a passing carriage, without any intentional fault in the driver, the plaintiff would have had to bear the loss." This statement, so far as the illustration is concerned, is *obiter,* but as to the statement of law involved as to the amount of care required by a driver under such circumstances it is *not* obiter, and the illustration of a

lamb killed by a passing carriage under such circumstances represents what I believe to be a correct statement of the law.

Treating the turkey involved in this case as a trespasser on the highway, and I think that was its correct status, it is probably true that the defendant can be held, as stated in the case last before cited, responsible only for " intentional fault in the driver." In other words, I do not believe that the owner of fowls has a right to permit them to run at large in the public highways; and, strictly speaking, in so doing the owner was guilty of a fault. As was said in the *Tonawanda R. R. Co.* v. *Munger* case, cited above, an action " founded upon the alleged negligence * * * of the defendants * * * cannot be sustained if the wrongful act of the plaintiff co-operated with the misconduct of the defendants * * * to produce the damage * * * or his beast, while trespassing on the land of another person * * * may have been damnified through some careless act of the owner of the land, yet the fact of such trespass constitutes a decisive obstacle to any recovery of damages for such an injury. It is, strictly speaking, *damnum absque injuria.*"

Furthermore, it is held that the " law of the road " applies only to vehicles meeting or passing, and that it does not even apply to a vehicle meeting a pedestrian or a man on horseback. *Savage* v. *Gerstner,* 36 App. Div. 220. The provisions of the Highway Law, section 286, paragraphs 2 and 3, are in terms confined to cases of meeting, etc. "A person riding, leading or driving a horse or horses or other *draft animals,*" and obviously do not refer to turkeys or other fowls or strays of any sort. I am persuaded that the law as it stands will hold the operator of a motor vehicle in the case of meeting or passing stray animals or fowls upon

the highway liable only for gross negligence or inflicting intentional or deliberate injury. Of course this would not apply to the case of cattle being driven along the highway, as they lawfully might be, nor, if one might suppose such a case, to a flock of fowls being driven along the highway, as I assume they might lawfully be.

Coming down to the evidence in this particular case, it does not appear that a sufficient case even of negligence was made out as against this defendant. He doubtless killed a turkey belonging to the plaintiff, which was probably about all the jury cared to know, but there must have been further proof than that. The case is squarely within the rule that plaintiff must give evidence to show that defendant was negligent, as laid down in *Craft* v. *Peekskill L. & R. R. Co.*, 121 App. Div. 549, and in *Dettmers* v. *Brooklyn Heights R. Co.*, 22 id. 488. The defendant doubtless saw the flock of turkeys as he approached them, and could have seen and probably did see that some of them were on one side of the road and some of them on the other. I do not believe the law imposed upon him the duty of slowing down so that he might have his car under control so that he could immediately stop it, just because he might have known, and probably did know, that one of these turkeys might take a notion to cross the road at an injudicious moment. The plaintiff cannot recover here upon any other theory, and no other proofs were given. I will not express an opinion as to the correctness of the ruling refusing to nonsuit plaintiff at the end of his case, but at the end of the entire case the motion was renewed and it should have been granted. The judgment must therefore be reversed.

*Judgment reversed.*