(No. 13995.—Reversed and remanded.)

SAM ELIE, Defendant in Error, *vs.* THE ADAMS EXPRESS COMPANY, Plaintiff in Error.

*Opinion filed December 22, 1921.*

1. MUNICIPAL CORPORATIONS—*an ordinance regulating speed of motor vehicles violates section 12 of Motor Vehicle law of 1915.* An ordinance of the West Chicago Park Commissioners requiring motor vehicles to stop at all intersections of boulevards with the public streets and to then proceed across the boulevard at a speed of not more than six miles an hour is not strictly a traffic ordinance but is an ordinance for the regulation of speed of motor vehicles and violates section 12 of the Motor Vehicle law, as amended in 1915. (Laws of 1915, p. 592.)

2. SAME—*State may regulate right to use streets and highways for travel.* The right to use highways and streets for travel is not absolute but it may be controlled by the State or by a municipality under a proper exercise of its police power, and is subject to such reasonable and impartial police regulations as are calculated to secure to the general public the largest practical benefit from the easement and to provide for their safety while using it.

3. SAME—*ordinance which limits natural rights must be reasonable as well as constitutional.* A municipal ordinance of a regulatory nature in contravention of the natural rights of individuals, enacted under general charter powers, is not only required to be constitutional but must be reasonable as well, and the court before which it is brought must be able to see that it will tend to promote the public health, morals, safety or welfare and that the means adopted are adapted to that end and that it is impartial in operation and not unduly oppressive.

4. SAME—*what may be considered in determining reasonableness of an ordinance.* In determining whether an ordinance is reasonable much must depend upon the requirements of different localities, the density of population of the town in which the ordinance has been enacted and the dangers and evils prevalent therein, and what would be reasonable in one place might. be unreasonable in another.

5. SAME—*what necessary to render a motor vehicle ordinance valid as a regulation of traffic.* To hold a motor vehicle ordinance valid as a regulation of traffic and not a regulation of the rate of speed of motor vehicles, in violation of the provision of the Motor Vehicle law against the regulation of speed of motor vehicles by municipalities, the ordinance must show on its face that it is passed

for the purpose of regulating traffic and that the traffic conditions are the basis of the regulations imposed.

6. NEGLIGENCE—*when jury should not be permitted to take the declaration.* It is never good practice to permit the jury to take the pleadings in civil cases to the jury room on their retirement, and in an action for injuries resulting from a collision of motor vehicles, where the declaration sets out the provisions of a void regulatory ordinance, it is error to permit the jury to take the declaration with them to their room.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

CHARLES B. ELDER, for plaintiff in error.

LYNN & HALLAM, and JOSEPH ORRICO, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Defendant in error, Sam Elie, recovered judgment for $2500 in an action for personal injuries against plaintiff in error, the Adams Express Company, in the superior court of Cook county. The trial judge certified that the validity of a municipal ordinance was involved and that in his opinion the public interest required that the cause be taken directly to this court, and so this writ of error is sued out of this court to review the judgment of the superior court.

This litigation arises out of a collision occurring at the intersection of Desplaines street and Jackson boulevard, in the city of Chicago, July 4, 1916. Defendant in error was riding a motorcycle west on Jackson boulevard and plaintiff in error was operating a motor truck south on Desplaines street. The vehicles collided near the southwest corner of the intersection and defendant in error suffered a broken leg. The original declaration charged general negligence in the operation of the motor truck. Five additional counts were filed, the first three charging negligent operation of the motor truck contrary to the provisions of the Motor Ve-

hicle law, and the fourth and fifth charging negligent oper-
ation of the motor truck in violation of provisions of an
ordinance of the West Chicago Park Commissioners. This
ordinance provided "that no person shall drive or propel
any vehicle across any boulevard in the control of the West
Chicago Park Commissioners at any place where such boule-
vard intersects any street without first causing such vehicle
to come to a full stop, and no person shall drive or propel
any vehicle across any boulevard within the control of the
West Chicago Park Commissioners at any intersection, as
aforesaid, at a greater rate of speed than six miles per
hour," and fixed a penalty for violation of the ordinance.
Jackson boulevard is an east and west street, sixty-six feet
wide from building line to building line and thirty-eight
feet wide from curb to curb, with the roadway paved with
asphalt. It is under the jurisdiction of the West Chicago
Park Commissioners. Desplaines street is a north and south
street, eighty feet wide from property line to property line
and forty-eight feet wide from curb to curb. Its roadway
is paved with cobblestones north and south of the intersec-
tion. Double street car tracks are laid along the middle line
of the street. It is under the jurisdiction of the city of
Chicago. Jackson boulevard at and near this intersection
is no different in appearance from any other public street
paved with asphalt, and so far as the evidence shows there
is nothing to indicate to the driver of a vehicle that it is
a boulevard or that it is under the jurisdiction of the West
Chicago Park Commissioners. Evidence was introduced to
show that plaintiff in error did not bring its truck to a full
stop before crossing this boulevard and that it drove the
truck across the boulevard at a greater rate of speed than
six miles an hour. Plaintiff in error objected to the ad-
mission of the ordinance in evidence and offered instructions
telling the jury that the ordinance in question was void and
directing the jury to find the defendant not guilty under the
fourth and fifth additional counts of the declaration. The

ordinance was admitted in evidence and these instructions were refused. The court gave to the jury an instruction which told them that the "declaration and pleas of defendant which will be handed you to take to your jury room create the issues which you, the jury, are sworn to try under the law and the evidence." At the conclusion of the trial the court gave to the jury all the pleadings on file and directed them to take the same to the jury room.

Section 12 of the Motor Vehicle law in force at the time this accident occurred prohibited cities and other municipalities from passing any ordinance limiting or restricting the speed of motor vehicles and declared all such ordinances void. (Laws of 1915, p. 592.) The West Chicago Park Commissioners is within the meaning of this act a municipal corporation, (*West Chicago Park Comrs.* v. *City of Chicago,* 152 Ill. 392,) and the ordinance in question being in direct conflict with the statute just mentioned is void. Ordinances requiring motor vehicles to stop at street intersections may be for the regulation of speed, (*Christy* v. *Elliott,* 216 Ill. 31,) in which case they are void, (*City of Chicago* v. *Kluever,* 257 Ill. 317; *City of Chicago* v. *Shaw Livery Co.* 258 id. 409; *City of Chicago* v. *Francis,* 262 id. 331;) or may be for the regulation of traffic, in which case they may or may not be void, depending on the reasonableness of the regulation. The ordinance in question shows on its face that it is clearly an ordinance limiting and regulating the speed at which motor vehicles may cross boulevards within the control of the park commissioners. The object and purpose of causing the vehicle to come to a full stop is to insure its proceeding across the boulevard at a rate of speed less than six miles an hour. It is clear that it has nothing to do with the regulation of traffic, for the reason that the amount or character of traffic on the boulevard is not taken into consideration. The ordinance requires vehicles to come to a full stop at every intersection, regardless of the amount or character of traffic using the

boulevard at that particular point. Such a regulation would have no basis in reason where the boulevard passes through a sparsely populated section or where the traffic on the boulevard is unusually light. The primary and paramount object in establishing streets and highways is for the purpose of public travel, and the public and individuals can not be rightfully deprived of such use. This right to use the highways and streets for purposes of travel is not, however, an absolute and unqualified one. The right may be limited and controlled by the State, or by a municipality under its authority derived from the State, in the exercise of its police power, whenever necessary to provide for and promote the safety, peace, health, morals and general welfare of the people, and is subject to such reasonable and impartial regulations adopted pursuant to this power as are calculated to secure to the general public the largest practical benefit from the enjoyment of the easement and to provide for their safety while using it. A municipal ordinance of a regulatory nature in contravention of the natural rights of individuals, enacted under general charter powers, is not only required to be constitutional but it must be reasonable as well. The court before which it is brought must be able to see that it will tend to promote the public health, morals, safety or welfare, and that the means adopted are adapted to that end, and that it is impartial in operation and not unduly oppressive upon individuals. In determining what is reasonable much must depend upon the requirements of different localities, the density of population of the town in which the ordinance has been enacted, and the dangers and evils prevalent therein, and what would be reasonable in one place might be highly unreasonable in another. (19 R. C. L. 805, *et seq.*) To hold an ordinance of the character of the one in question valid as a regulation of traffic, the ordinance must show on its face that it is passed for the purpose of regulating traffic and that the traffic conditions requiring regulation are the basis of the

regulations imposed.  If an ordinance requiring all motor vehicles to stop before crossing a boulevard at every point where such boulevard intersects a street is valid as a traffic regulation, then an ordinance requiring a motor vehicle to stop at every street intersection in the city is a valid traffic regulation.  Such an ordinance would not regulate traffic but would tend to congest traffic and would not promote the safety or the welfare of the public.  Ordinances designed to regulate traffic must, therefore, make a reasonable classification of the points within the jurisdiction of a municipality where the regulation shall be effective, and to make the regulation reasonable it might be necessary to designate by proper signs the points where the regulation is required and indicate thereon the regulation provided by the ordinance.  For instance, at such intersections where the municipal authorities find the traffic of such a character that it is necessary to require vehicles to come to a full stop before proceeding onto the street or boulevard the point ought to be indicated by a "Stop!" sign.

It follows from what we have said that it was error to receive in evidence the ordinance in question and to refuse the instructions directing a verdict of not guilty under the fourth and fifth additional counts.  It is never good practice to permit the jury to take the pleadings in civil cases to the jury room on their retirement, (*Elgin, Aurora and Southern Traction Co.* v. *Wilson,* 217 Ill. 47; *Bernier* v. *Illinois Central Railroad Co.* 296 id. 464;) and in this case it was clearly error to permit the jury to take the declaration with them as long as it contained the fourth and fifth additional counts, which set out the ordinance in question.

Inasmuch as the cause must be submitted to another jury under the other counts of the declaration we refrain from expressing any opinion on the evidence.

The judgment is reversed and the cause is remanded to the superior court of Cook county for a new trial.

*Reversed and remanded.*