(December 11, 1926.)

CONTINENTAL JEWELRY COMPANY, a Corporation, Appellant, v. MARIE E. INGELSTROM and ANDREW O. INGELSTROM, Respondents.

[252 Pac. 186.]

CONDITIONAL ORDER FOR GOODS—PLEADING—EVIDENCE—INSTRUCTIONS—PERMITTING JURY TO TAKE PLEADINGS—UNIFORM SALES LAW INAPPLICABLE — BLANKET MOTION IMPROPER — INSUFFICIENT ASSIGNMENT OF ERROR.

1. Answer affirmatively alleging as defense to action to recover value of goods ordered that order was delivered conditionally did not vary or change terms of written contract, but merely deferred its becoming effective until future time, and was properly interposed.

2. Where answer, in action to recover value of goods, alleged order was delivered conditionally, admission of evidence thereon and instruction relative to conditional delivery was proper.

3. Permitting jury to take pleadings to jury-room with them does not constitute reversible error, in absence of showing of prejudice.

4. Uniform Sales Law, secs. 41, 46 (Comp. Stats. 1919, secs. 5713 and 5718), relative to buyer's duty to accept goods, and

43 Idaho—22

authorizing delivery to carrier as delivery to buyer, is inapplicable in case of contract or order delivered conditionally.

5.   Uniform Sales Law, sec. 63 (Comp. Stats. 1919, sec. 5735), giving right of action against buyer wrongfully refusing to comply with contract is inapplicable to conditional order or contract, since there can be no cause of action until wrongful refusal.

6.   Blanket motion to strike out all allegations of fraud, some of which are good, is properly refused.

7.   Instruction on issue of fraud, in action for value of goods sold, was warranted, in view of allegations and evidence thereof.

8.   Assignment failing to specify wherein verdict of jury was contrary to evidence will not be considered.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County.   Hon. O. R. Baum, Judge.

Action to recover value of goods ordered.   Judgment for respondents.   *Affirmed.*

P. C. O'Malley and H. J. Swanson, for Appellant.

"One relying on fraud must plead the fraud, and set out the nature of the same, that the representations made were false, and were known to be false, and that the defendants relied upon the false representations, and acted upon them, and would not have acted if they knew them to be false." (*Brown v. Bledsoe,* 1 Ida. 746; *Watson v. Molden,* 10 Ida. 571, 79 Pac. 503; *Kemmerer v. Pollard,* 15 Ida. 34, 96 Pac. 206; *Specht v. Allen,* 12 Or. 117, 6 Pac. 494.)

Publisher's Note.

2.   See 10 R. C. L. 1053.

3.   See 16 R. C. L. 300.

8.   See 2 R. C. L. 164.

See Appeal and Error, 3 C. J., sec. 1522, p. 1373, n. 42, 43; sec. 1533, p. 1383, n. 36; 4 C. J., sec. 2933, p. 953, n. 1; sec. 2935, p. 954, n. 14; p. 955, n. 22.

Evidence, 22 C. J., sec. 1540, p. 1148, n. 99.

Pleading, 31 Cyc., p. 636, n. 99.

Sales, 35 Cyc., p. 55, n. 53; p. 256, n. 10; p. 257, n. 30; p. 566, n. 90; p. 577, n. 12; p. 578, n. 15.

Trial, 38 Cyc., p. 1829, n. 11.

The contract was complete on its face and could not be contradicted by parol. (9 Ency. of Evidence, 487; 2 Parsons on Contracts, p. 535.)

The oral statements claimed by defendants to have been made by the salesman would be no defense in face of the provision of the contract. (*Toledo Computing Scales Co. v. Young,* 16 Ida. 187, 101 Pac. 257.)

The contract following the statute provided that delivery to the transportation company was delivery to the purchaser. (Uniform Sales Law, C. S., sec. 5718.)

The entire instructions of the lower court were wrong, for the reason that the court ignored all of the provisions of the Uniform Sales Law.

Merrill & Merrill, for Respondents.

Fraud may be predicated upon the nonperformance of a promise in certain cases where the promise is the device to accomplish the fraud. (*Pocatello Security Trust Co. v. Henry,* 35 Ida. 331, 206 Pac. 175.)

Specifications of error based on the insufficiency of the evidence to support the verdict will not be considered unless it is pointed out in the specification wherein it is claimed the evidence is insufficient. (*Merrill v. Fremont Abstract Co.,* 39 Ida. 238, 227 Pac. 34; *Intermountain Farmers Equity v. Norris,* 39 Ida. 685, 229 Pac. 745; *Bain v. Olsen,* 39 Ida. 170, 226 Pac. 668; *Hardy v. Butler,* 39 Ida. 99, 226 Pac. 669; *Hill v. Porter,* 38 Ida. 574, 223 Pac. 538.)

Ruling of trial court on motion for new trial is discretionary and will not be reversed unless such discretion is clearly abused. (*Seamons v. Davis,* 34 Ida. 393, 201 Pac. 716; *Cox v. Cox.* 22 Ida. 692, 127 Pac. 679.)

GIVENS, J.—Respondent, Marie E. Ingelstrom, who in connection with her husband conducted a small notions store in Pocatello, on May 13, 1922, induced as she claims by false representations, signed what she contends was an order and appellant calls a contract for the purchase of certain jewelry. The jewelry was thereafter shipped to and

returned, by her, freight prepaid, to appellant at its place of business in Cleveland, Ohio, after which suit was instituted to recover the purchase price thereof and a judgment was entered on a verdict in respondents' favor.

Appellant assigns as error that the court did not strike, as varying the terms of the written order or contract, certain portions of the answer, and that certain evidence was for the same reason improperly admitted, the following embodying the gist of the matter:

" . . . . that if the defendants would permit him to take an order that the same would be held in abeyance and not accepted until the following conditions were met, to-wit: (1) That the threatened strike should be settled, and business restored to its normal condition, and (2) That the defendants should thereafter advise plaintiff herein the names of one hundred prospective purchasers of such jewelry in Pocatello, Idaho, and that thereafter, the plaintiff would advertise their goods, wares and merchandise by writing directly to each one of these one hundred individuals to be named by the defendants urging them to purchase said jewelry, and that this would create a demand for the jewelry and enable the defendants to sell the same at a reasonable profit to themselves. The said Weston furthermore positively and without equivocation, advised and promised these defendants that if an order for the goods mentioned in plaintiff's complaint would be given him, that this order would never become accepted, and said contract would never become binding until settled conditions were restored industrially and then only after the defendants had sent to the plaintiff the said list of one hundred names as above alleged; that under the foregoing representations, and not otherwise, the defendant Marie E. Ingelstrom signed said order."

[1] This answer, as correctly stated by the trial court in his instructions, affirmatively alleged as a defense that the order or contract was delivered conditionally. The allegations and evidence raising such defense did not vary or change the terms of the written contract but merely

deferred its becoming effective until a future time and until certain conditions had arisen or passed. (*Colonial Jewelry Co. v. Brown,* 38 Okl. 44, 131 Pac. 1077; 13 C. J. 307; *Parker v. Weber County Irr. Dist.,* 65 Utah, 354, 236 Pac. 1103; *In re Smith's Estate,* 4 Cal. Unrep. 919, 38 Pac. 950; *Barrie v. Quimby,* 206 Mass. 259, 92 N. E. 451; *Kilcon v. Ortell,* 302 Ill. 531, 135 N. E. 16; *Kelly v. Oliver,* 113 N. C. 442, 18 S. E. 698; *Thos. Nelson & Sons Pub. Co. v. Bonner,* 200 N. Y. Supp. 341; *Savage Realty Co. v. Lust,* 203 App. Div. 55, 196 N. Y. Supp. 296; *McNight v. Parsons,* 136 Iowa, 390, 125 Am. St. 265, 15 Ann. Cas. 665, 113 N. W. 858; 22 L. R. A., N. S., 718; *Bartholomew v. Fell,* 92 Kan. 64, 139 Pac. 1016; *Manhattan Guide Co. v. Gluck,* 52 Misc. Rep. 652, 101 N. Y. Supp. 528; *Exchange Bank v. Clay Center State Bank,* 91 Neb. 835, 137 N. W. 845; *Bowser & Co. v. Tarry,* 156 N. C. 35, 72 S. E. 74.)

[2] The court therefore did not err in admitting evidence and instructing relative to the conditional delivery, and likewise did not err in refusing to instruct for the plaintiff.

[3] Appellant assigns as error the action of the court in permitting the jury to take the pleadings to the jury-room. The appellant does not point out wherein such use of the pleadings was prejudicial and the jury was else-where instructed in substance that they should base their verdict upon the evidence.

"The jury should not be permitted to take with them the pleadings in the action being tried upon retiring for delibera-tion. The practice is not a safe one; but it is not reversible error so to do in the absence of a showing of prejudice." (*Walton v. Mays,* 33 Ida. 339, 194 Pac. 354; *Schroeder v. Lodge No. 188,* 92 Neb. 650, Ann. Cas. 1914B, 1173, 650 N. W. 221; *Mayo v. Halley,* 124 Iowa, 675, 100 N. W. 529; *Chicago & E. R. Co. v. Ohio City Lbr. Co.,* 214 Fed. 751; *Bluedorn v. Missouri Pacific Ry. Co.,* 121 Mo. 258, 25 S. W. 943; *Powley v. Swenson,* 146 Cal. 471, 80 Pac. 722; *Paxton v. Woodward,* 31 Mont. 195, 107 Am. St. 416, 3 Ann. Cas. 546, 78 Pac. 215.)

[4] It is further urged that the instructions given by the court ignored the Uniform Sales Law and particularly sections 5715, 5718 and 5735. The first section is to the effect that it is the duty of the buyer to accept the goods in accordance with the terms of the contract and section 5718 is to the effect that "where in pursuance of a contract to sell .... the seller is authorized" to deliver to the carrier, such delivery is delivery to the buyer. If the contract was delivered conditionally, until the conditions had been met the buyer was under no obligation to pay nor was delivery to the carrier in pursuance of the contract.

[5] Section 5735 merely gives a right of action for the price where the buyer has wrongfully refused to comply with the contract. If the buyer had not wrongfully refused there would be no cause of action; hence the instructions given did not conflict with these provisions of the statute.

[6] No demurrer was interposed to the allegations of fraud. The motion to strike did not specify the particular references to fraud as being inadequate but was a blanket motion, including good as well as bad allegations; consequently the court did not err in refusing to grant such motion. (*Valley Lumber Co. v. McGilvery,* 16 Ida. 338, 101 Pac. 94.) [7] Being some slight allegation of fraud, even though the evidence relative thereto was meager, the court did not err in instructing upon this issue. The instruction itself was more than favorable to appellant.

[8] Appellant does not specify in the assignments of error wherein the verdict of the jury is contrary to the evidence, therefore that assignment will not be considered. (*Intermountain Farmers Equity v. Norris,* 39 Ida. 685, 229 Pac. 745; *Merrill v. Fremont Abstract Co.,* 39 Ida. 238, 227 Pac. 34.)

The judgment is therefore affirmed and costs are awarded to respondents.

Wm. E. Lee, C. J., and Budge, J., concur.

Taylor, J., dissents.