263 P.2d 985

**SHEPARD v. SMITH.**

No. 8013.

Supreme Court of Idaho.

Dec. 3, 1953.

Anderson & Anderson, Pocatello, for appellant.

Gee & Hargraves, Pocatello, for respondent.

TAYLOR, Justice.

Plaintiff, appellant, brought this action to recover damages for the loss of one horse and injury to another resulting from a collision with an automobile owned and driven by the defendant, respondent, who cross-complained, seeking damages sustained to his car. The jury returned its verdict as follows:

"We, the jury, in the above entitled cause, find *for the* defendant both par-

ties are negligent and that negligence of each was a proximate cause of the accident. Neither party shall recover any damages."

Judgment was accordingly entered allowing neither party any recovery, either of damages or costs. This appeal is by the plaintiff.

On the night of October 18, 1951, the defendant was driving south on U. S. Highway 191–91 in Bingham County where the highway approaches the village of Fort Hall, travelling at a speed of about fifty miles per hour. While so travelling he passed a sign, "Entering Fort Hall", and about a hundred yards farther south another sign announcing a speed limit of thirty-five miles per hour. After passing this sign he testified he slowed down to approximately forty miles per hour. Some distance past this sign the highway curves to the west. As he rounded this curve, or after rounding the curve, he was momentarily blinded by the lights of a car approaching from the south, and when he emerged from the glare of the lights he first saw the horses on the highway directly in his path and about twenty feet away. The collision followed. One of the horses was so injured that it was necessary to destroy it, and the other suffered considerable damage. Defendant further testified that "it was raining a light rain" and that the collision occurred about 11:00 p. m.

The horses had been kept in a pasture belonging to, and adjacent to the home of, the witness Gibson, about one block from the highway, in the village of Fort Hall. According to Gibson, on the night of the occurrence, he had gone to bed and about 10:00 p. m. heard a noise. On investigating he discovered that the horses had broken a gatepost and escaped. He went to the home of the owners, notified them and they in turn searched for the horses, by foot, and by car. One of the horses belonged to the witness Cornelison, who assigned his cause of action to the plaintiff.

There is some discrepancy in the testimony of these witnesses as to the duration of the search. The plaintiff testified she learned of the escape of the horses about 10 o'clock and that she searched for them for two hours without finding them. Cornelison testified that he learned of the escape at about 10:30, and that he, his wife and daughter (the plaintiff) had returned home from the search, and he had gone to bed, when he heard of the accident "around twelve o'clock at night." He further testified there was no rain.

The deputy sheriff, who was notified of the accident by a messenger, at the request of the defendant, testified there may have been a light rain. He further said he was notified of the accident at a point on the highway some miles north at about 11:50 p. m. and that when he arrived at the scene the defendant told him the collision occurred at about 11:00 p. m., although it didn't seem to the deputy that that much time had elapsed after the defendant had

463

passed him where he was regulating traffic at the point farther north.

■ Appellant first raises the question of the sufficiency of defendant's pleading of contributory negligence. In his answer it is alleged as follows:

"As a further and separate Answer, the defendant alleges that if the plaintiff has been damaged herein, that said damages was solely and proximately the result of negligence on the part of the plaintiff in allowing said horses to escape from their confines and to wander at will upon a public highway at night; that the plaintiff neglected to keep her property, namely the horses, adequately fenced and guarded and attended, whereby they wandered upon the highway and immediately in front of the defendant's car thus causing and creating the injuries herein mentioned."

In the cross complaint contributory negligence is again alleged in somewhat similar general terms with this additional:

" * * * that the plaintiff was negligent in failing to exercise reasonable and proper degree of restraint, control, care, and confinement of said horses to keep them from straying upon the public highway; that plaintiff knew or should have known and reasonably anticipated that said animals might wander unattended and loose

upon the highway which would constitute an extreme traffic hazard; * *."

and that such negligence on the part of the plaintiff was the sole and proximate cause of the collision. No demurrer or motion to make more definite and certain was interposed to either of these pleadings. Under such circumstances the pleading of contributory negligence was sufficient. § 5-801, I.C.; Thornton v. Budge, Idaho, 257 P.2d 238; French v. Tebben, 53 Idaho 701, 27 P.2d 474, 475; Jensen v. Logan City, 89 Utah 347, 57 P.2d 708.

Appellant also assigns the action of the trial court in giving the pleadings to the jury in lieu of a statement of the case by the court. This practice has been repeatedly disapproved by this court. Walton v. Mays, 33 Idaho 339, 194 P. 354; Continental Jewelry Co. v. Ingelstrom, 43 Idaho 337, 252 P. 186. See also: Pulos v. Denver & R. G. R. Co., 37 Utah 238, 107 P. 241; Ryan v. Beaver County, 82 Utah 27, 21 P.2d 858, 89 A.L.R. 1253; Shields v. Utah Light & Traction Co., 99 Utah 307, 105 P.2d 347; Anderson v. Nixon, 104 Utah 262, 139 P.2d 216; Dollarhide v. Gunstream, 55 N.M. 353, 233 P.2d 1042; Mt. Terry Min. Co. v. White, 10 S.D. 620, 74 N.W. 1060; Elie v. Adams Express Co., 300 Ill. 340, 133 N.E. 243; 89 A.L.R. 1260 annotation.

■ In submitting the pleadings the court gave the same cautionary instructions as to the purpose for which the plead-

ings were given to the jury as was given in Pearson v. City of Weiser, 69 Idaho 253. 206 P.2d 264, and in addition that they were not to consider any statements or allegations contained in the pleadings as evidence or proof of any of the facts involved. In that case the pleadings were submitted pursuant to agreement of counsel. In this case it appears that counsel were not consulted and, therefore, did not agree to such use of the pleadings. Pleadings are not ordinarily couched in language appropriate to inform jurors of the contentions of the parties and issues presented, and often contain allegations which may be prejudicial. However, as held in the foregoing cases, this court will not reverse for such cause, in the absence of a showing or appearance of prejudice. Apparently the only prejudice claimed in this case is the asserted insufficiency of the pleading and proof of contributory negligence.

◼ Appellant strenuously urges that there is no evidence to support the jury's finding that there was contributory negligence on the part of the plaintiff. By long established rule we are required to accept any reasonable view of the evidence which will support the verdict, and if so viewing the evidence we find any substantial, competent evidence to support the verdict, it must stand. Here the evidence shows the horses were at large—that is, loose and unattended—on an arterial state and national highway, ordinarily bearing heavy traffic, within the limits of a village, on a dark and possibly rainy night. Some courts have applied the doctrine of res ipsa loquitur to such a state of facts and held them sufficient to make a prima facie case of negligence against the owner. Manthey v. Rauenbuehler, 71 App.Div. 173, 75 N.Y.S. 714; Park v. Farnsworth, 98 Misc. 482, 164 N.Y.S. 735; Healey v. P. Ballantine & Sons, 66 N.J.L. 339, 49 A. 511; Round v. Burns, 77 R.I 135, 74 A.2d 861, 20 A.L.R.2d 1048; Hart v. Washington Park Club, 157 Ill. 9, 41 N.E. 620, 29 L.R.A. 492; Hardiman v. Wholley, 172 Mass. 411, 52 N.E. 518; Flesch v. Schlue, 194 Iowa 1200, 191 N.W. 63; Willis v. Semmes, 111 Miss. 589, 71 So. 865; Lyman v. Dale, 156 Mo. App. 427, 136 S.W. 760; Lins v. Boeckeler Lumber Co., 221 Mo.App. 181, 299 S.W. 150; Decker v. Gammon, 44 Me. 322, 69 Am.Dec. 99.

In California the code provides that no presumption of negligence on the part of the owner arises from the fact that animals are upon a highway unattended. Even so the courts there say the statute merely abolishes the doctrine of res ipsa loquitur, and the owner must nonetheless use ordinary care to keep animals off the highway. Galeppi Bros. v. Bartlett, 9 Cir., 120 F.2d 208.

◼ Some have refused to apply the doctrine. Wilson v. Rule, 169 Kan. 296, 219 P.2d 690. Here the verdict does not rest alone upon the application of that doctrine. Even so, it should be applied at least to the extent of requiring the owner of animals thus unattended upon a heavily travelled highway within the limits of a vil-

lage, to satisfactorily explain their presence, in order to avoid an otherwise justifiable inference of negligence. In any event, in addition to such an inference, the plaintiff's own proof showed that the owner knew the horses were loose in the vicinity of the highway. The jurors were authorized to resolve the conflicts in the testimony as to the search. So doing, they may have found that the owners commenced the search about 10:30, accepting Cornelison's statement, and discontinued some time prior to or around 11:00 o'clock, when the defendant said the collision occurred, the evidence being to the effect that they were notified of the occurrence shortly after the accident. From such a state of facts the jury may have concluded the search was cursory, and that in discontinuing further effort to find the animals or to keep them off the highway, and retiring for the night, under the circumstances, the owners were negligent. At least a question for the jury was presented. It is true that animals thus at large on a highway are not trespassers in the sense that the motorist owes the owner no duty except to refrain from wilful in-injury. On the contrary, the motorist is required to exercise the same degree of care that an ordinarily prudent person would exercise under the circumstances. This same degree of care is required of the owner to keep his animals from running or being loose and unattended upon the highway. The danger being increased by darkness and rain, the relative degree of due care correspondingly increases.

" * * * we think that under modern traffic conditions the jury might also well find that a man of ordinary prudence would anticipate injury to someone from allowing horses at large in the vicinity of highways. This would be particularly true at night." Wedel v. Johnson, 196 Minn. 170, 264 N.W. 689, at page 691.

" * * * Whenever a question of contributory negligence arises 'upon a state of facts in regard to which reasonable men might honestly differ' it ought to be 'submitted to the jury.' Smith v. Odd Fellows Bldg. Ass'n, 46 Nev. 48, 205 P. 796, 798, 23 A.L.R. 38." Wells, Inc., v. Shoemake, 64 Nev. 57, 177 P.2d 451, at page 459.

Owen v. Taylor, 62 Idaho 408, 114 P.2d 258; Mason v. Hillsdale Highway District, 65 Idaho 833, 154 P.2d 490; Valles v. Union Pacific R. Co., 72 Idaho 231, 238 P.2d 1154; Benson v. Brady, 73 Idaho 553, 255 P.2d 710.

We observe that at least some of the cases holding that the unexplained presence of animals at large upon a highway is not prima facie evidence of negligence of the owner, are cases, such as Wilson v. Rule, supra, where the motorist brought action against the owner to recover damages to his vehicle, where the burden is all on the motorist. Here we are not considering the sufficiency of the evidence to sustain a judgment for damages to the car. While

466

contributory negligence is a matter of defense to be affirmatively pleaded and proven by the defendant, § 5–816, I.C., the defendant is entitled to the benefit of any evidence of contributory negligence appearing in plaintiff's case. Pearson v. City of Weiser, 69 Idaho 253, 206 P.2d 264; Bates v. Siebrand Bros., etc., 71 Idaho 318, 231 P.2d 747; Allan v. Oregon Short Line R. Co., 60 Idaho 267, 90 P.2d 707.

Several of the assignments of error assert in various forms the contention of the appellant that the record conclusively establishes negligence on the part of the defendant. We are not considering these assignments for the reason that the jury's verdict was in favor of appellant on that issue.

The deputy sheriff testified that when he was talking to the defendant at the scene he "asked him what he was going to do about replacing the horse and he said well, I have insurance and I will turn it over to my insurance company." Appellant contends this is a conclusive admission of liability and as such is binding on respondent. The appellant had the benefit of whatever effect the testimony had as an admission and also the benefit of the prejudicial reference to insurance. But, aside from these considerations, there is no merit in the contention that this was a conclusive and binding admission. 38 Am.Jur., Negligence, § 338.

Lastly, appellant assigns the instructions on contributory negligence on the ground that they were too general and misleading. Contributory negligence was defined and the jury was instructed that the burden of establishing negligence of the plaintiff, and that such negligence was a contributing or proximate cause of the injuries, rests upon the defendant, and that the jury should consider any evidence appearing on the plaintiff's side of the case or from plaintiff's witnesses, on the issue of contributory negligence and in addition the following:

"You are also instructed that the defendant must prove by a preponderance of evidence that the plaintiff was guilty of negligence *as alleged in defendant's cross complaint*, and that such negligence was the proximate cause of the injuries complained of by defendant in his cross complaint." (Emphasis added.)

Assuming that it is proper and better practice for the court to advise the jury what specific acts or omissions on which there is proof, and on which a finding of contributory negligence may be based, in the absence of a specific request for further clarification, we do not consider its failure to do so erroneous. 65 C.J.S., Negligence, § 294. The jury was directed to the allegations of the cross complaint for the specific negligence charged against appellant. It does not appear that the jurors were mislead or left to speculate. They heard and saw the witnesses on both sides and after being properly advised as to the law, they concluded that neither party should recover. We find nothing in the

record which would justify upsetting their verdict. § 5–907, I.C. Pflugfelder v. Convent of the Good Shepherd, 55 Ohio App. 158, 9 N.E.2d 4; Ott v. Tschantz, 239 Wis. 47, 300 N.W. 766; Baldwin v. Ensign, 49 Conn. 113, 44 Am.Rep. 205; Annotation 20 A.L.R.2d 1053.

Although appeal was taken from the order denying motion for new trial, the order is not assigned as error. In any event, we have covered the grounds urged by appellant for a new trial.

The judgment is affirmed, with costs to respondent.

PORTER, C. J., and GIVENS, THOMAS and KEETON, JJ., concur.